THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ANDREW DODD, JR., Defendant-Appellant.

(No. 72-50; ■■■■■

Fifth District—June 20, 1972.

Matthew J. Moran, of Defender Project, of Chicago, for appellant.

Robert H. Rice, State's Attorney, of Belleville, (Joseph B. McDonnell, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendant pled guilty to the crime of robbery and subsequently filed a *pro se* petition for post-conviction relief. (Ill. Rev. Stat., ch. 328, par. 122—1.) His petition was dismissed in the trial court without a hearing upon the motion of the state.

Defendant contends that he was entitled to a full evidentiary hearing on his petition. The sole contention raised on this appeal is that defendant's court-appointed counsel at the hearing on the plea of guilty "advised him that if he would plead guilty he would receive probation."

Defendant's contention that his plea was involuntary because induced by an unfulfilled promise of probation by his counsel is without sufficient merit to require an evidentiary hearing. The trial judge explained the possible sentences he could impose and the defendant unequivocally stated that he understood. Finally, the trial judge asked the defendant if he understood that he was not bound by any recommendation and that the sentence was "entirely" up to the trial judge. The defendant again unequivocally stated he understood. This clearly shows that the defendant understood that any promise made to him by his counsel was not binding on the trial court and would be a worthless ground to rely upon in pleading guilty. As our Supreme Court said in *People v. Spicer*, 47 Ill.2d 114, 264 N.E.2d 181:

"Thus, from the record itself there is no doubt that defendant acted with full understanding at every stage of the proceedings and that he was not misled, coerced, or wrongfully induced to enter his guilty plea by any unfulfilled promise or otherwise."

We find that the trial court did not err in dismissing defendant's petition without an evidentiary hearing.

Judgment affirmed.

EBERSPACHER and CREBS, JJ., concur.