PEOPLE v GUEST

1. Criminal Law—Right to Trial.
   A defendant cannot be burdened in the exercise of his right to trial.

2. Criminal Law—Plea of Guilty—Advice of Counsel—Sentencing.
   An allegation by a defendant in his motion to vacate his plea that defense counsel coerced his plea of guilty by advising him that invoking his constitutional right to trial by jury would result in a harsher sentence requires the trial court to take testimony to ascertain the fact of the allegation and whether the plea was influenced thereby.

Appeal from Genesee, Donald R. Freeman, J. Submitted Division 2 April 12, 1973, at Lansing. (Docket No. 14890.) Decided May 25, 1973.

Allen Guest was convicted, on his plea of guilty, of breaking and entering an occupied building with intent to commit a larceny therein. Defendant appeals. Remanded with instructions for further proceedings.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Ronald F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*Roger W. Kittendorf,* for defendant on appeal.

References for Points in Headnotes
[1] 21 Am Jur 2d, Criminal Law § 241 *et seq.*
[2] 21 Am Jur 2d, Criminal Law §§ 485, 486, 505.

Before: LESINSKI, C. J., and J. H. GILLIS and VAN VALKENBURG,* JJ.

LESINSKI, C. J. The defendant was convicted by his plea of guilty of breaking and entering an occupied building with intent to commit a larceny therein. MCLA 750.110; MSA 28.305. He was sentenced to serve a prison term of from 7 to 15 years. Defendant moved in the trial court to vacate his guilty plea. The motion was denied. Defendant's appeal is by right.

The guilty plea itself fully complies with the rule in *People v Jaworski,* 387 Mich 21 (1972), and GCR 1963, 785.3.

Additionally, the trial judge sought to determine whether the defendant had been promised leniency in return for his plea of guilty. The judge learned that defendant had been promised that, in return for his guilty plea, he would not be charged as a habitual criminal. Both parties agree the bargain was kept.

After sentencing defendant filed a sworn affidavit along with a motion to vacate the plea. He avers that his trial attorney advised him that there was little chance of an acquittal after trial, and that taking the case to a jury would likely provoke the trial judge into imposing a harsher sentence upon conviction. Without an evidentiary hearing, the trial judge denied the motion.

A single issue is raised on appeal: Whether the trial court erred in failing to hold an evidentiary hearing on whether defendant's guilty plea was induced by fear that invoking his constitutional right to trial by jury would result in a harsher sentence.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Plea bargaining is well established in our jurisprudence and is constitutionally permissible. *North Carolina v Alford,* 400 US 25; 91 S Ct 160; 27 L Ed 2d 162 (1970); *Santobello v New York,* 404 US 257; 92 S Ct 495; 30 L Ed 2d 427 (1971). Since the bargain was kept, the fact that there was a bargain is not grounds for vacating the plea, even if the plea was induced by the bargain. *People v Norman,* 44 Mich App 366 (1973); *People v Kindell,* 17 Mich App 22 (1969).

We find ourselves in a different position with regard to defendant's contention that his attorney's representations that standing on his constitutional right to trial would aggravate his sentence.

Here, defendant does not say that his attorney misled him as to the punishment he would receive. See *People v Walls,* 3 Mich App 279 (1966). Instead, his claim is that he pled guilty because he was apprehensive of an enhanced sentence if he chose to exercise his right to trial. We recognize that there is a fundamental difference between inducement to plead guilty because of incorrect advice of counsel regarding leniency and a statement by counsel which causes defendant to believe that he will receive a harsh sentence unless he pleads guilty.

A defendant cannot be burdened in the exercise of his right to trial. *People v Earegood,* 12 Mich App 256, 261–262 (1968). Although the Michigan Supreme Court reversed on other grounds, 383 Mich 82 (1970), we feel that the rationale of the cases is similar. We note that in *Earegood* it was the trial judge who, in effect, coerced the plea. Here, it is alleged that the defendant's lawyer, by impugning the good will of the trial court, coerced the plea. Where, as here, it is alleged that counsel

coerced a plea, the trial court should have taken testimony to ascertain the fact of the allegation. Where he does not, the cause must be remanded for that purpose.

Remanded for hearing to determine whether the incident alleged did occur and whether the plea was influenced thereby. This Court retains no further jurisdiction.

All concurred.