THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES CARMICHAEL, Defendant-Appellant.

(No. 58681; )

First District (4th Division)—January 16, 1974.

Paul Bradley, Deputy Defender, of Chicago (Martin Carlson, Assistant Appellate Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Barry Rand Elden, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Defendant appeals from the denial of his post-conviction petition alleging that his plea of guilty to assault was involuntary in that it was induced by an unfulfilled promise of leniency made by his attorney. The issue presented for our review is whether the trial court erred in dismissing the petition for post-conviction relief without an evidentiary hearing. The State alleges that the trial judge conducted such a hearing.

On October 10, 1969, James Carmichael was placed on probation for five years by the Honorable Felix M. Buoscio pursuant to a guilty plea to indecent liberties with a child. On August 10, 1971, the defendant pled guilty to assault before the Honorable John F. Hechinger and was placed on probation for one year. As a result of the defendant's guilty plea to the charge of assault, Judge Buoscio found him guilty of a violation of probation and, on January 17, 1972, sentenced him to a term of four years to four years and one day on his conviction for indecent liberties with a chld.

The defendant appeared before Judge Buoscio on a stay of *mittimus* on February 18, 1972. During this hearing, the defendant stated that his plea of guilty to assault resulted from a promise by his attorney, Bernard Wolfe, that Judge Buoscio had agreed not to revoke his probation if he (Carmichael) agreed to plead guilty to assault before Judge Hechinger. Judge Buoscio stated that he had not made any promises or arrangements with Mr. Wolfe. The court then ordered that the *mittimus* should issue.

On April 14, 1972, the defendant filed a *pro se* petition for relief under the Post-Conviction Hearing Act [1] alleging that his guilty plea to assault was the result of a misrepresentation made by his attorney. After counsel was appointed, an amended petition was filed alleging that the defendant's plea of guilty was involuntary and secured in violation of his constitutional rights in that it was based on a misrepresentation by his attorney. The State filed a motion to dismiss the amended petition on the grounds that it failed to raise a constitutional issue within the scope of the Post-Conviction Hearing Act and that, even if defendant's allega-

---

[1] Ill. Rev. Stat. 1971, ch. 38, § 122 *et seq.*

tions rose to a constitutional level, they were bare allegations insufficient to require a hearing.

Judge Hechinger ordered a hearing on the State's motion to dismiss the amended petition. On November 2, 1972, Bernard Wolfe appeared and testified at length about his understanding of the circumstances surrounding the purported agreement with Judge Buoscio. Wolfe stated that he had telephoned Judge Buoscio regarding defendant's probation revocation hearing; that Judge Buoscio had stated that he "would try to go along" with Judge Hechinger's finding on the assault charge when he (Judge Buoscio) reviewed the charge of probation violation; and that he (Wolfe) had the "impression" that Judge Buoscio would go along with Judge Hechinger's ruling to the defendant. The court then noted an affidavit filed by Judge Buoscio stating that he did not recall whether Bernard Wolfe ever called him with respect to the case which was then pending before Judge Hechinger but that he (Judge Buoscio) did not promise to go along with any action taken by Judge Hechinger.

At the conclusion of the hearing, Judge Hechinger found no violation of the defendant's constitutional rights when he entered his plea of guilty and granted the State's motion to dismiss. As the basis of his ruling, Judge Hechinger stated that he was bound by the proceedings at the defendant's plea of guilty and noted that he had admonished the defendant, prior to accepting the guilty plea, that there was no guarantee as to what would happen on the probation violation charge before Judge Buoscio.

In this appeal, defendant argues that the trial court erred in dismissing his amended petition for post-conviction relief without a hearing on the factual issue presented in his amended petition. That issue, he contends, was not whether Judge Buoscio in fact made an agreement with Mr. Wolfe but whether defendant's plea of guilty to assault was induced by Wolfe's representation to the defendant that an agreement had been made with Judge Buoscio.

The State argues that the hearing before Judge Hechinger did resolve the factual issue raised in defendant's petition and that the defendant failed to show a substantial deprivation of his constitutional rights at the hearing. They contend that the representations made by Mr. Wolfe to defendant were not absolute promises but predictions which estimated leniency at the impending probation violation proceeding before Judge Buoscio.

■■ A guilty plea, if induced by an unfulfilled promise of leniency, loses its voluntary nature and shall be considered void. (*Machibroda v. United States* (1962), 368 U.S. 487, 493, 7 L.Ed.2d 473, 478; *People v. Sigafus* (1968), 39 Ill.2d 68, 71, 233 N.E.2d 386, 388.) However, a guilty plea

made in reliance upon advice of counsel estimating defendant's chances of acquittal, and expected sentencing, is a voluntary plea. The mere fact that an accused, knowing his rights and the consequences of his act, hopes and believes that he will receive a shorter sentence or milder punishment by pleading guilty than he would upon a trial and conviction by a jury, presents no ground for permitting the withdrawal of the plea after he finds that his expectation has not been realized. (*People v. Grabowski* (1957), 12 Ill.2d 462, 468, 147 N.E.2d 49, 52; *People v. Morreale* (1952), 412 Ill. 528, 532, 107 N.E.2d 721, 724.) Thus, the question we must decide is whether there was sufficient evidence before the court, at the hearing on the motion to dismiss, to determine whether the statements of defense counsel on which defendant purportedly relied constituted a prediction estimating leniency or an absolute promise.

We note, first of all, that defendant does not challenge the veracity of the evidence received at the hearing but the interpretation to be drawn therefrom. Under the defendant's view, Wolfe's testimony at the hearing unequivocally supported his contention that a promise of leniency had been made. Thus, this case is unlike *Machibroda v. United States* (1962), 368 U.S. 487, 7 L.Ed.2d 473, and *People v. Sigafus* (1968), 39 Ill.2d 68, 233 N.E.2d 386, where there were controverted issues of fact and the trial court improperly dismissed the petition without a hearing.

■■ Our review of the record shows that, in essence, Mr. Wolfe told the defendant that it was his (Wolfe's) "impression" that Judge Buoscio would "try" to go along with Judge Hechinger's disposition on the assault charge. In our opinion, the use of the words "impression" and "try" connotes a prediction rather than an affirmative promise. Moreover, the effect of any promise was removed by the court's admonishment, prior to accepting the guilty plea, that no guarantees could be made. *People v. Jackson* (1970), 47 Ill.2d 344, 348, 265 N.E.2d 622, 624; *People v. Dodd* (1972), 6 Ill.App.3d 485, 285 N.E.2d 582.

In view of the foregoing, we are of the opinion that there was sufficient evidence before the court to resolve the factual issue raised in defendant's petition and that it ruled correctly in dismissing the petition.

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

BURMAN and DIERINGER, JJ., concur.