PEOPLE v KORYBA

CRIMINAL LAW—PLEA OF GUILTY—ADVICE OF COUNSEL—SENTENCING —SETTING ASIDE PLEA.

An allegation by a defendant in a motion to set aside his plea of guilty on the ground that counsel had informed him that if he insisted on having a trial and lost, his minimum sentence would be increased by one year required the trial court to take testimony to ascertain the fact of the allegation; and where the record was void of any testimony concerning the merits of defendant's motion, the case was remanded for a hearing before a judge other than the trial judge to determine whether the incident alleged occurred and whether the plea was thereby influenced.

Appeal from Oakland, Richard D. Kuhn, J. Submitted Division 2 December 12, 1973, at Lansing. (Docket No. 17792.) Decided January 17, 1974.

David L. Koryba was convicted, on his plea of guilty, of receiving or concealing stolen property with a value of over $100. Defendant appeals. Remanded for further proceedings with instructions.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, and *T. S. Givens,* Assistant Appellate Counsel, for the people.

*Michael M. Pantel (Douglas Chartrand,* of counsel), for defendant.

REFERENCES FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 491, 503–506.
Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

Before: J. H. GILLIS, P. J., and R. B. BURNS and R. H. CAMPBELL,* JJ.

R. B. BURNS, J. Defendant pleaded guilty to receiving or concealing stolen property with a value of over $100. MCLA 750.535; MSA 28.803.

After his plea but prior to sentencing, defendant changed attorneys and filed a motion to set aside his plea of guilty and set the case for trial.

The defendant claimed his prior counsel had informed him that if he insisted on having a trial and lost, his mimimum sentence would be increased by one year.

The trial court denied defendant's motion and sentenced the defendant to a term of two to five years in prison. The order reads:

"This matter having come on for argument in open court upon motion of defendant by his counsel to set aside plea and for trial, hearing having been had thereon at a session of this court on May 17, 1973, and after argument of counsel * * * ."

The transcript of the proceedings of May 17th is:

"*The Court:* Mr. Pantel, would you have anything to say at this time, before the court imposes sentence?

"Mr. Pantel: Other than the—as to the sentence, other than the fact that the court allowed me to dismiss the matter in chambers. I would indicate that his parents are presently in the courtroom."

The record is void of any testimony concerning the merits of defendant's motion to set aside the plea.

This case is almost identical to *People v Guest,* 47 Mich App 500; 209 NW2d 601 (1973), wherein the defendant alleged that counsel, by impugning

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the good will of the trial court, coerced the plea. The Court stated:

"Where, as here, it is alleged that counsel coerced a plea, the trial court should have taken testimony to ascertain the fact of the allegation. Where he does not, the cause must be remanded for that purpose." *People v Guest,* 47 Mich App at 502–503; 209 NW2d at 602.

This case is remanded to the presiding judge of Oakland County. He will assign the case to a judge, other than the trial judge, for a hearing to determine whether the incident alleged occurred and whether the plea was thereby influenced.

This Court retains no further jurisdiction.

All concurred.