THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHNOS COTTON, Defendant-Appellant.

(No. 73-78;

Fifth District—May 16, 1974.

CREBS, J., took no part.

Robert E. Farrell and Lynn Sara Frackman, both of Office of the State Appellate Defender, of Mt. Vernon, for appellant.

Robert H. Rice, State's Attorney, of Belleville (Clyde L. Kuehn, Assistant State's Attorney, of counsel), for the People.

PER CURIAM:

The defendant pled guilty to the charge of voluntary manslaughter and requested probation. A combined probation and sentencing hearing was held; probation was denied and the defendant was sentenced to serve 12 to 20 years in the penitentiary. On direct appeal we affirmed the conviction and modified the sentence to a term of 8 to 20 years. People v. Cotton, 3 Ill.App.3d 706, 279 N.E.2d 62.

The defendant subsequently filed a post-conviction petition alleging that his plea was induced by his retained attorney's promise that, if he pled guilty, he would receive probation. The petition was supported by affidavits signed by the defendant, his mother, his brother and a friend. Each affiant swore that defense counsel had indeed informed the defendant that he would be placed on probation if he pled guilty. The State

filed an affidavit signed by the defense counsel denying that he had made such a promise to the defendant and it moved that the post-conviction petition be dismissed.

The circuit court of St. Clair County dismissed the petition without an evidentiary hearing, and the defendant appeals from that order.

Before the defendant pled guilty he was correctly informed of the possible penalty for the offense charged. He stated that he understood. The defendant was then admonished that the court was not bound by any promises or inducements made by any person and that it was "up to the court as to what should be done." The defendant again stated that he understood.

■■ In dismissing the post-conviction petition the circuit court reasoned that the admonishments made to the defendant when he pled guilty refuted the allegation made in the post-conviction petition to such an extent that an evidentiary hearing was not required. We agree.

In *People v. Dodd,* 6 Ill.App.3d 485, 285 N.E.2d 582, this court was faced with a factual situation nearly identical to that in the instant case. We affirmed the circuit court's dismissal of a post-conviction petition without an evidentiary hearing and stated:

> "The trial judge explained the possible sentences he could impose and the defendant unequivocally stated that he understood. Finally, the trial judge asked the defendant if he understood that he was not bound by any recommendation and that the sentence was 'entirely' up to the trial judge. The defendant again unequivocally stated that he understood. This clearly shows that the defendant understood that any promise made to him by his counsel was not binding on the trial court and would be a worthless ground to rely upon in pleading guilty." (6 Ill.App.3d 485, 486, 285 N.E.2d 582, 583.)

The same reasoning is applicable in the instant case.

■■ As the Supreme Court stated in *People v. Spicer,* 47 Ill.2d 114, 119, 264 N.E.2d 181, 184:

> "Thus, from the record itself there is no doubt that defendant acted with full understanding at every stage of the proceedings and that he was not misled, coerced, or wrongly induced to enter his guilty plea by any unfulfilled promise or otherwise."

See also *People v. Morris,* 43 Ill.2d 124, 251 N.E.2d 202, and *People v. Arbuckle,* 42 Ill.2d 177, 246 N.E.2d 240.

We hold that the trial court did not err in dismissing defendant's petition without an evidentiary hearing.

Judgment affirmed.

CREBS, J., took no part in the consideration or decision of this case.