PEOPLE v CLIFTON

1. CRIMINAL LAW—PLEA OF GUILTY—HEARINGS—ELEMENTS OF OF-
   FENSE—COURT RULES.

   The trial court in conducting a guilty-plea hearing is not required
   to state or explain the elements of the offense charged (GCR
   1963, 785.7[1][a]).

2. CONSPIRACY—CRIMINAL LAW—WHARTON'S RULE—NECESSARY PAR-
   TIES—DELIVERY OF CONTROLLED SUBSTANCE—HEROIN.

   An agreement by two persons to commit a particular crime
   cannot be prosecuted as a conspiracy where the crime is of such
   a nature that it necessarily requires the participation of two
   persons for its commission; therefore a defendant cannot be
   convicted of conspiracy to deliver heroin where the only other
   party to the alleged conspiracy was the person to whom the
   heroin was delivered and whose participation was required for
   the commission of the crime.

3. CRIMINAL LAW—PLEA OF GUILTY—ACCEPTANCE OF PLEA—FACTS
   SUPPORTING GUILT.

   The acceptance of a guilty plea is improper where a defendant's
   description of his actions and any other admissible evidence
   presented to the court on the record during the plea-taking
   proceeding would not substantially support a finding that the
   defendant is in fact guilty of the charged offense or the offense
   to which he is pleading (GCR 1963, 785.7[3][c]).

Appeal from Genesee, Harry B. McAra, J. Sub-
mitted April 8, 1976, at Lansing. (Docket No.
21969.) Decided July 19, 1976.

Norman Clifton was convicted, on his plea of

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 496.
[2] 16 Am Jur 2d, Conspiracy § 16.
   21 Am Jur 2d, Criminal Law § 132.
[3] 21 Am Jur 2d, Criminal Law §§ 487, 492–495.

guilty, of conspiracy to deliver a controlled substance. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*Richard J. Drew,* for defendant.

Before: T. M. Burns, P. J., and V. J. Brennan and D. E. Holbrook, Jr., JJ.

T. M. Burns, P. J. Defendant Norman Clifton and a David Rawls were charged with delivery of a controlled substance (heroin), MCLA 335.341(1)(a); MSA 18.1070(41)(1)(a), and conspiracy to deliver a controlled substance (heroin), MCLA 750.157a; MSA 28.354(1).

On December 18, 1973, defendant pled guilty to the conspiracy charge. On September 11, 1974, he was sentenced to 13 to 20 years in prison. He appeals as of right.

*Did the trial court err reversibly by failing to advise defendant of the general nature of the charge?*

Defendant relies upon *People v Rufus Williams,* 386 Mich 277; 192 NW2d 466 (1971), as authority for the proposition that before accepting a plea of guilty, the trial court must personally inform the defendant of the elements of the offense to which he is offering a plea. The argument is without merit. In conducting a guilty plea hearing, the trial court is not required to state or explain the elements of the offense charged. See GCR 1963, 785.7(1)(a); *Guilty Plea Cases,* 395 Mich 96, 114–117; 235 NW2d 132 (1975).

*Did the trial court err reversibly by failing to elicit an adequate factual basis for the charge of conspiracy?*

The original information against defendant and Rawls charged that the two had conspired with each other to deliver heroin to another person. At the guilty plea hearing, defendant stated that David Rawls called him on the telephone and requested a gram of heroin. Defendant stated that he "got it for him and delivered it to him".

After defendant stated that it was Rawls to whom he had delivered the heroin, both counsel, the defendant and the court agreed to consider the charge as being that defendant and Rawls conspired to effectuate a delivery of heroin from the defendant to Rawls, not "another person".

The factual basis for the guilty plea established at the hearing was inadequate to support a conviction for conspiracy. "Wharton's rule" of criminal conspiracy precludes the conviction of either the defendant or Rawls for conspiracy to deliver a controlled substance under the facts brought out at the hearing below.

"[A]n agreement by two persons to commit a particular crime cannot be prosecuted as a conspiracy where the crime is of such a nature that it necessarily requires the participation of two persons for its commission."[1]

The discussion of this rule in Perkins on Criminal Law 2d, p 620, sets out its rationale:

"If the target [substantive] offense requires concerted action and none participate other than the necessary parties there is no added danger because nothing is involved which will not be present whenever the offense

---

[1] 16 Am Jur 2d, Conspiracy, § 16, p 136.

is committed. In such a case there is no logical basis for conviction of other than the target offense, or an attempt, if the plan is carried that far.

"The crimes most frequently referred to as coming within the class designated are adultery, bigamy, incest and dueling. Other illustrations might be added such as receiving stolen goods, a prohibited sale of contraband, or bribery." (Quotation marks and footnotes omitted.)

One of the leading Federal cases recognizing the rule is *United States v Katz,* 271 US 354; 46 S Ct 513; 70 L Ed 986 (1926), in which the Court stated:

"The overt act charged in each indictment was the sale of whiskey by one defendant to the other. This is an offense under the National Prohibition Act; but as the defendants in each case were only one buyer and one seller, and as the agreement of the parties was an essential element in the sale, an indictment of the buyer and seller for a conspiracy to make the sale would have been of doubtful validity. [Citations omitted.] This embarrassment could be avoided in an indictment for a criminal conspiracy only if the buyer and seller were charged with conspiring to commit a substantive offense having an ingredient in addition to the sale, not requiring the agreement of two persons for its completion." 271 US at 355–356.

The rule is also recognized in Michigan:

"Abortion involves concert of action between 2 persons, the perpetrator and the victim, the immediate effect of consummation reaching only the participants, as also in respect to adultery, bigamy, incest or dueling, in which a charge of conspiracy to commit the offense will not lie against the 2 participants. This is because the conspiracy to commit them is in such close connection with the objective offense as to be inseparable from them." *In re Vickers,* 371 Mich 114, 117; 123 NW2d 253 (1963).

In the instant case, defendant stated that Rawls called him on the telephone and asked for some heroin; defendant "went out and got it for him and delivered it to him". These facts do not establish an illegal conspiracy. The defendant and Rawls were necessary parties to the commission of the illegal delivery. An agreement between the two to commit a crime that necessarily required agreement between the two does not amount to criminal conspiracy.[2] The acceptance of the plea was improper for failure to comply with GCR 1963, 785.7(3)(c).

The remaining issue is without merit. See *People v William Moore*, 389 Mich 762 (1973).

Reversed and remanded for proceedings consistent with this opinion and *Guilty Plea Cases*, 395 Mich 96, 129; 235 NW2d 132 (1975).

---

[2] *Cf. Freeman v United States*, 146 F2d 978 (CA 6, 1945), where the defendants were alleged to have conspired to sell heroin *to third parties.*