PEOPLE v DAVENPORT

OPINION OF THE COURT

1. CRIMINAL LAW—CRIMINAL SEXUAL CONDUCT ACT—MINORS—DEFI-
    NITIONS—STATUTES.

    A second-degree violation of the criminal sexual conduct act
    occurs where the other person is under 13 years of age and a
    touching of the victim's or actor's intimate parts or clothing
    covering the area of intimate parts is intentional and can
    reasonably be construed as being for the purpose of sexual
    arousal or gratification (MCLA 750.520c; MSA 28.788[3]).

2. CRIMINAL LAW—PLEA OF GUILTY—FACTUAL BASIS—INFERENCES.

    A factual basis for acceptance of a plea of guilty exists if an
    inculpatory inference could reasonably be drawn by a jury from
    the facts admitted by a defendant even if an exculpatory
    inference could also be drawn and defendant asserts the latter
    is the correct inference.

3. CRIMINAL LAW—CRIMINAL SEXUAL CONDUCT ACT—FACTUAL BASIS
    —STATUTORY DEFINITIONS—INFERENCES—STATUTES.

    An inculpatory inference could not reasonably be drawn by a jury
    from a defendant's mere acknowledgment that he rubbed his
    finger between the legs of a seven-year-old female that the
    defendant was guilty of second-degree criminal sexual conduct;
    therefore, a more elaborate factual basis is needed before a
    defendant's plea of guilty to that offense can be accepted
    because under the criminal sexual conduct act, intimate parts
    do not include the legs of a human being, therefore, sexual
    contact, as statutorily defined, did not occur (MCLA 750.520c;
    MSA 28.788[3]).

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 6] 6 Am Jur 2d, Assault § 24.
   42 Am Jur 2d, Infants § 21.
   65 Am Jur 2d, Rape § 23.
[2] 21 Am Jur 2d, Criminal Law §§ 487, 492–495.
   29 Am Jur 2d, Evidence § 161.
[4] 73 Am Jur 2d, Statutes §§ 224–227.
[5] 5 Am Jur 2d, Appeal and Error § 959.

4. STATUTES—CONSTRUCTION—INTERPRETATION—LEGISLATIVE DEFINITIONS.

   Courts should apply the meaning expressly defined and no other interpretation where a statute comes equipped with its own set of definitions.

5. CRIMINAL LAW—PLEA OF GUILTY—FACTUAL BASIS—REMAND—PROSECUTORS—MISSING ELEMENT.

   The Court of Appeals should remand to the trial court, where the prosecutor shall be given an opportunity to establish the missing element of the crime, where the Court is reversing a defendant's plea-based conviction on the basis that there was a missing criminal element.

DISSENT BY D. E. HOLBROOK, J.

6. CRIMINAL LAW—PLEA OF GUILTY—EVIDENCE—SUFFICIENCY.

   *A defendant supplies sufficient evidence of criminal sexual conduct to justify affirmance of his conviction on a plea of guilty where he admits taking his finger and rubbing it between the legs of a seven-year-old girl.*

Appeal from Recorder's Court of Detroit, Samuel C. Gardner, J. Submitted January 6, 1977, at Detroit. (Docket No. 26982.) Decided April 18, 1977. Leave to appeal applied for.

John H. Davenport was convicted, on his plea of guilty, of criminal sexual conduct in the second degree. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Research, Training and Appeals, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Matthew R. Rumora,* for defendant.

Before: ALLEN, P. J., and D. E. HOLBROOK and D. C. RILEY, JJ.

D. C. RILEY, J. As a result of plea negotiations, defendant pled guilty to one count of criminal sexual conduct in the second degree, MCLA 750.520c; MSA 28.788(3), in return for the elimination of one count of first-degree criminal sexual conduct. MCLA 750.520b; MSA 28.788(2). The sentencing court later imposed a 5 to 15 year sentence upon defendant.

On appeal, defendant contends that the lower court failed to elicit an adequate factual basis for the pleaded charge. With respect to this issue, the following colloquy ensued at plea-taking:

"THE COURT: What is it that you did to make you think that you are guilty?

"DEFENDANT DAVENPORT: Well, I was upstairs in the front room and I had been drinking and was sitting up there looking at television, and this little girl come up and I taken my finger and rubbed it between her legs.

"THE COURT: All right. And how old was this little girl?

"DEFENDANT DAVENPORT: Seven.

"THE COURT: And this happened at that address of 2966 Springle?

"DEFENDANT DAVENPORT: That is right.

"THE COURT: Is that in the City of Detroit?

"DEFENDANT DAVENPORT: That is right.

"THE COURT: All right. The Court accepts the Plea of Guilty to the charge of Criminal Sexual Conduct In The Second Degree."

Under the criminal sexual conduct act, a second-degree violation occurs when one "engages in sexual contact with another person and if any of the following circumstances exist: (a) That other per-

son is under 13 years of age". MCLA
750.520c(1)(a); MSA 28.788(3)(1)(a). The act defines
"sexual contact" as:

"the intentional touching of the victim's or actor's
intimate parts or the intentional touching of the cloth-
ing covering the immediate area of the victim's or
actor's intimate parts, if that intentional touching can
reasonably be construed as being for the purpose of
sexual arousal or gratification." MCLA 750.520a(g);
MSA 28.788(1)(g).

It defines "intimate parts" as:

"the primary genital area, groin, inner thigh, but-
tock, or breast of a human being."

In *Guilty Plea Cases,* 395 Mich 96, 130; 235
NW2d 132 (1975), our Supreme Court observed:

"A factual basis for acceptance of a plea exists if an
inculpatory inference can reasonably be drawn by a
jury from the facts admitted by the defendant even if
an exculpatory inference could also be drawn and de-
fendant asserts the latter is the correct inference."

On the terse record before us, we conclude that
the lower court erred reversibly in accepting de-
fendant's plea without first requiring a more elabo-
rate factual basis. No jury could *reasonably* draw
an inculpatory inference from defendant's admis-
sions at plea-taking. Defendant merely acknowl-
edged that he had rubbed his finger between the
*legs* of a seven-year-old female. Under the act,
intimate parts do not include the legs of a human
being; hence sexual contact, as statutorily defined,
did not occur.

Where, as here, a statute comes equipped with
its own set of definitions, courts are admonished

not to import any other interpretation, but must apply the meaning as expressly defined. *In re Jones Estate,* 52 Mich App 628, 636; 218 NW2d 89 (1974), *Bennett v Pitts,* 31 Mich App 530, 534; 188 NW2d 81 (1971), *W. S. Butterfield Theatres, Inc v Department of Revenue,* 353 Mich 345; 91 NW2d 269 (1958). This admonition applies as well to the reasonable inculpatory inferences that a jury may properly draw.

Accordingly, defendant's plea-based conviction is reversed and the matter remanded for further proceedings.

"On remand the prosecutor shall be given an opportunity to establish the missing element. If he is able to do so and there is no contrary evidence, the judgment of conviction shall be affirmed. If the prosecutor is unable to establish the missing element, the judgment of conviction shall be set aside. If contrary evidence is produced, the matter shall be treated as a motion to withdraw the guilty plea and the court shall decide the matter in the exercise of its discretion. GCR 1963, 785.7(4)." *Guilty Plea Cases,* 395 Mich 96, 129; 235 NW2d 132 (1975).

See also, *People v Stewart,* 69 Mich App 528, 532; 245 NW2d 121 (1976), *People v Clifton,* 70 Mich App 65, 69; 245 NW2d 175 (1976).

ALLEN, P. J., concurred.

D. E. HOLBROOK, J. *(dissenting).* This writer must respectfully dissent. This plea was entered knowingly, voluntarily and with proper assistance of counsel. The only error which the majority finds is the failure to graphically describe the sexual conduct herein which resulted in defendant's plea conviction on a charge of criminal sexual conduct in the second degree. MCLA 750.520c(1)(a); MSA 28.788(3)(1)(a). This writer firmly believes that de-

fendant did supply sufficient evidence of sexual criminal misconduct to justify affirmance of his plea conviction.

During the plea proceedings defendant admitted taking his finger and rubbing it between the legs of a seven-year-old girl. The judge, the attorneys, everyone in the courtroom and especially defendant knew exactly what he did. We certainly can take notice of the "oddities" of the English language and the colloquial use of expressions such as "between the legs". No one in the courtroom had any doubt as to what defendant did. The Supreme Court has recently reiterated that a factual basis is sufficient if an "inculpatory inference can reasonably be drawn by a jury from the facts admitted by the defendant". *Guilty Plea Cases,* 395 Mich 96, 130; 235 NW2d 132 (1975), *People v Haack,* 396 Mich 367, 376; 240 NW2d 704 (1976). This writer firmly believes that an inculpatory inference, indeed the only inference, was that defendant did indeed supply a sufficient factual basis.

Second-degree criminal misconduct occurs when one "engages in sexual contact with another person and that other person is under 13 years of age". MCLA 750.520c; MSA 28.788(3). Sexual conduct is defined as an intentional touching of intimate parts, MCLA 750.520a(g); MSA 28.788(1)(g). Intimate parts are defined as "the primary genital area, groin, inner thigh". This is exactly what defendant admitted touching. In *People v Zuniga,* 56 Mich App 231; 223 NW2d 652 (1974), the defendant pled guilty to taking indecent liberties with a four-year-old child in violation of MCLA 750.336; MSA 28.568 (subsequently repealed by 1974 PA 266, § 3 and replaced by MCLA 750.520b to d; MSA 28.788[2] to [4]). The following excerpt from that case and this Court's comment in that case are instructive:

" 'Q. *[The court]* All right, what happened?

" 'A. [The defendant] Well, I started to touch her and everything.

" 'Q. All right, was she dressed at the time?

" 'A. Yes.

" 'Q. And did you remove her clothing?

" 'A. No.

" 'Q. What did you remove? What happened?

" 'A. She removed her clothes herself.

" 'Q. She did. Then what happened?

" 'A. Well, I started touchin' her, playin' with her and everything.

" 'Q. With her private parts?

" 'A. Yeah, you know.

" 'Q. You know what I mean by that?

" 'A. Yeah, I think I do.'

\* \* \*

Defense counsel construed the testimony quoted above as evidencing no more than the fact that defendant was playing with *the child* and accidentally touched her genitals. We read the record as showing that defendant was playing with the child's genitals." (Emphasis in original.) 56 Mich App at 234–235.

This Court affirmed defendant's conviction in *Zuniga.* This writer is convinced that the instant case speaks with clarity as to the exact conduct on the part of defendant. Whether defendant admitted touching the girl's "private parts" or rubbing "his finger between her legs" is of little significance. All those concerned knew exactly what defendant did herein to justify his conviction under the criminal sexual conduct act.

This writer votes to affirm defendant's conviction.