PEOPLE v WIDENER

1. CRIMINAL LAW—PLEA OF GUILTY—INFERENCES.

   A factual basis for acceptance of a plea of guilty exists if an inculpatory inference can reasonably be drawn by a jury from the facts admitted by the defendant even if an exculpatory inference could also be drawn and the defendant asserts that the latter is the correct inference.

2. CRIMINAL LAW—PLEA OF GUILTY—INFERENCES—CRIMINAL SEXUAL CONDUCT—INTIMATE PARTS—FACTUAL BASIS.

   There was a sufficient factual basis to allow a jury to reasonably draw the inculpatory inference that a defendant contacted a victim's "intimate parts" where the defendant at a plea-taking proceeding told the judge that he had had actual contact with a victim's sexual parts and that the contact had sexually aroused the victim who was under 13 years of age; therefore, the defendant's claim that the plea-taking court reversibly erred in failing to establish a proper factual predicate prior to accepting his plea of guilty to a charge of criminal sexual conduct in the second degree should be rejected.

Appeal from Monroe, William J. Weipert, Jr., J. Submitted October 24, 1977, at Lansing. (Docket No. 77-298.) Decided October 25, 1977.

William C. Widener was convicted, on his plea of guilty, of criminal sexual conduct in the second degree. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Michael W. Labeau,* Prosecuting Attorney, and *Robert W. Kehres,* Assistant Prosecuting Attorney, for the people.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law §§ 492–495.

*Krawetz & Spiros, P. C.,* for defendant on appeal.

Before: DANHOF, C. J., and QUINN and M. F. CAVANAGH, JJ.

PER CURIAM. Defendant appeals from a plea-based conviction of one count of criminal sexual conduct in the second degree. MCLA 750.520(c); MSA 28.788(3). Defendant was sentenced to a term of 2-1/2 to 15 years in prison.

On appeal defendant raises one issue which merits discussion. He contends that the plea-taking court reversibly erred in failing to establish a proper factual predicate prior to accepting the guilty plea. GCR 1963, 785.7(3)(a). Defendant was charged with engaging in sexual contact with another person under 13 years of age. Defendant asserts that there was no testimony concerning the precise nature of the contact. The statute defines "sexual contact" as:

"[T]he intentional touching of the victim's or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification." MCLA 750.520a(g); MSA 28.788(1)(g).

"Intimate parts" is defined as:

"[T]he primary genital area, groin, inner thigh, buttock, or breast of a human being." MCLA 750.520a(b); MSA 28.788(1)(b).

In *Guilty Plea Cases,* 395 Mich 96, 130; 235 NW2d 132 (1975), the Court stated:

"A factual basis for acceptance of a plea exists if an

inculpatory inference can reasonably be drawn by a jury from the facts admitted by the defendant even if an exculpatory inference could also be drawn and defendant asserts the latter is the correct inference."

The relevant portion of the record at the plea-taking reads:

"THE COURT: Tell me yourself how you plead to Count II.

"THE DEFENDANT: Guilty, your Honor.

"THE COURT: Next I need to know what happened here that would make you guilty of this offense.

"THE DEFENDANT: Well, he was staying all night over to the house, and he was downstairs sleeping on the couch; and I came downstairs beside him and touched him, and he had sexual arouse *[sic]* from it.

\* \* \*

"THE COURT: The Information says he was under thirteen years of age. Are you satisfied that is true?

"THE DEFENDANT: Yes, your Honor.

\* \* \*

"THE COURT: There was actually sexual contact with the sexual parts?

"THE DEFENDANT: At first it wasn't; and what I mean by that, he took and he pulled his pants down.

"THE COURT: Then there was?

"THE DEFENDANT: Yes. There was before on top of the clothing, and then afterwards there was contact."

In *People v Davenport,* 75 Mich App 46, 49; 254 NW2d 647 (1977), this Court held that a jury could not *"reasonably* draw an inculpatory inference from defendant's admission at plea-taking" that he had "rubbed his finger between the *legs* of a seven-year-old female" since legs were not within the statutory definition of "intimate parts".

In the instant case the record clearly shows that there was an intentional touching that can reason-

ably be construed as being for the purpose of sexual arousal or gratification. We hold that defendant's affirmative response to the court's question asking if there was actual sexual contact with the victim's sexual parts is a sufficient factual basis to allow a jury to reasonably draw the inculpatory inference that the defendant contacted the victim's "intimate parts".

Affirmed.