## PEOPLE *v.* FERGUSON.

1. MALICIOUS INJURY TO PROPERTY—TITLE—EVIDENCE.

   The question whether a deed, offered in evidence by the people in a prosecution for the malicious destruction of a fence, correctly described the property on which the fence was erected, is immaterial, where it appears that such property was occupied by complainant's grantor at the time the deed issued, and had been occupied by complainant under the deed for the statutory period of limitation.

2. SAME—INFORMATION—DESIGNATION OF PERSONS.

   An averment in an information for malicious destruction of property, that it belonged to a specified church "society," which word formed no part of the corporate name, does not render the information bad, in view of 2 How. Stat. § 9534, providing that no information shall be held insufficient because any person mentioned therein is designated by a descriptive appellation instead of his proper name, and 1 How. Stat. § 2, subd. 12, providing that, in the construction of statutes, the word "person" may extend to and be applied to corporations.

3. ADVERSE POSSESSION—RIGHT OF WAY.
> Where adjoining owners agreed that each might use the land of the other for a right of way until it should be wanted for some other purpose, such use was not adverse.

4. MALICIOUS INJURY TO PROPERTY—EVIDENCE OF MALICE—EXPRESSIONS OF ILL-WILL.
> In a prosecution for the malicious destruction of church property, evidence of respondent's expressions of ill-will towards the members and officers of the church is competent, if directed towards them in their official capacities.

Exceptions before judgment from Barry; Smith, J. Submitted November 18, 1898. Decided February 21, 1899.

John P. Ferguson was convicted of malicious injury to property. Conviction affirmed.

*R. M. Ferguson* (*J. M. Jamison*, of counsel), for appellant.

*Thomas Sullivan*, Prosecuting Attorney, for the people.

MONTGOMERY, J. The respondent was convicted of malicious injury to a fence, and has brought the case here for review on exceptions before sentence. The information charges that the respondent did willfully and maliciously break down a certain fence inclosing the land belonging to the First Congregational Church Society of Middleville, Barry county, Mich.

The prosecution gave in evidence a deed running to the First Orthodox Congregational Church of Middleville, and showed a subsequent consolidation of the two societies, constituting the new society, under the name of the First Congregational Church of Middleville. The deed ran to the First Orthodox Congregational Church of the Village of Middleville, and described by metes and bounds a portion of lot No. 13 of Hill's addition to the village of Middleville. The proofs show that the fence which the respondent is charged with having destroyed is on lot 16

of block 49 of the village of Middleville. We do not find any testimony in the record directly showing the identity of these descriptions. It is contended, therefore, that there was a complete failure to prove title. But it was in evidence that the lot that was actually occupied by the church had previously been in the occupancy of the grantor, Hill. It also appeared that the church society had occupied this ground for a period much longer than that required by the statute of limitations, and, this being so, the title of the church society would appear to have been perfect.

It is next contended that there is a fatal variance between the proof and the information, in that the information avers the property to be the property of the First Congregational Church Society of Middleville, and the proofs show that the consolidated society took the name of the First Congregational Church. There can be no question as to the party intended. The corporate name may be the First Congregational Church, but the church is a society, and the addition of the word "Society" would not render uncertain the person or corporation intended. We think the provisions of 2 How. Stat. § 9534, apply. That section provides that "no indictment for any offense shall be held insufficient * * * because any person mentioned in the indictment is designated by a name of office, or other descriptive appellation, instead of his proper name." The word "person" may extend to and be applied to corporations. 1 How. Stat. § 2, subd. 12.

It is insisted that the circuit judge erred in refusing to direct a verdict on the ground that the proceeding is an attempt to try disputed rights. On the argument we were much impressed by this view, on the facts shown from the brief of the respondent's counsel; but a careful examination of the record discloses testimony which tends to show that respondent, in crossing the land belonging to the church society, did not claim title. John C. Smith, one of the trustees of the society, testified that, a few years prior to the present trial, he was looking over the church ground, with a view to locating

sheds.    The respondent was present, and Smith stated to him that there was not room to locate the sheds and leave room to get across to them.    The respondent replied: "Why can't you go across mine?   *   *   *   Go on and use my land.    I am using yours.    I want to use yours, and you use mine.    We will be good-natured."    Smith replied:    "All right, you can use it until the church wants it for some other purpose."    It is true, this testimony was disputed, but we cannot determine the facts.    The circuit judge charged on this subject as follows:

"If the respondent acted in good faith, believing he had a right to the premises on account of the long use of them, or on account of his belief that it was reserved to him in his deed, and that he had the actual right to do what he did, and acted in good faith, then he should be acquitted by you of this charge by a verdict of not guilty."

. This instruction fairly presents the issue.    In view of the testimony, the use made of the land by respondent was not inconsistent with the use made of the property by the church, and did not build up an adverse right.    *Kilburn* v. *Adams*, 7 Metc. (Mass.) 33 (39 Am. Dec. 754).

It is also contended that malice was not shown, and that it was error to admit proof of a feeling of enmity towards the members and officers of the society.    The court charged as follows:

- "Now, the church society in this case is alleged to be the owner, and, in order to convict the respondent, the malice must be shown to have been against the church as a society.    Ill-will against the minister or certain members of the church should not be considered by you only so far as it satisfies you of malice against the church as a society."

We think this sufficiently guarded the rights of the respondent.    The expressions of respondent which were proven were made at times when the officers of the church were engaged in the business of the church.    We think the testimony was admissible.

We do not discover any error in the record.    While it is

undoubtedly true that there was, under the proofs, ample room for a different verdict, we cannot substitute our judgment for that of the jury.

The conviction must be affirmed.

Hooker, Moore, and Long, JJ., concurred.   Grant, C. J., did not sit.