BENNETT *v.* PITTS

1. AUTOMOBILES — "UNINSURED MOTOR VEHICLE" — DEFINITION — USUAL DEFINITION.

An "uninsured motor vehicle" is generally one with respect to which *neither the owner* nor the *operator* carried bodily injury liability insurance.

2. STATUTES—CONSTRUCTION—TERMS—GENERAL MEANING—LEGISLATIVE DEFINITION.

The generally understood meaning of a term at the time that term is used by the legislature is usually relevant in an attempt to interpret the legislative meaning; however, it is within the competence of the legislature to provide a legislative definition varying generally understood meaning and controlling over all other definitions.

3. STATUTES — CONSTRUCTION — TERMS — LEGISLATIVE DEFINITION —EFFECT.

The definition of a term provided in a statute is binding when a court is interpreting the term's use in that statute and the court cannot look elsewhere for the term's meaning.

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Automobile Insurance § 136.
[2, 3] 50 Am Jur, Statutes §§ 261–265.
[4] 7 Am Jur 2d, Automobile Insurance §§ 98, 99.

4. AUTOMOBILES—MOTOR VEHICLE ACCIDENT CLAIMS ACT—"INSURED
   MOTOR VEHICLE"—INSURED DRIVER.

   An automobile is an "insured motor vehicle" within the motor
   vehicle accident claims act even though the owner of the auto-
   mobile does not have insurance where the driver of the auto-
   mobile has insurance covering him, by a "while driving another
   car" provision, while driving the automobile in question; a
   defect in the driver's insurance which might be applicable to a
   claimant other than the one present is not relevant so long
   as the driver's policy is "in force" against the present claimant
   (MCLA § 257.1102(d)).

Appeal from Wayne, Charles S. Farmer, J. Sub-
mitted Division 1 December 8, 1970, at Detroit.
(Docket No. 8444.)  Decided March 23, 1971.

Complaint by Kenneth J. Bennett against Tony
Pitts and Edward Galloway for personal injuries
received in an automobile accident. Default judg-
ment against defendant Galloway and order issued
requiring the Motor Vehicle Accident Claims Fund
to pay any damages assessed against defendant Gal-
loway. Motion by the Fund to modify the order so
as to relieve the Fund from liability. Motion grant-
ed. Plaintiff appeals. Affirmed.

*Liss & Newman,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Joseph B. Bilitzke,*
Assistant Attorney General, and *Glenn M. Taub,*
Special Assistant Attorney General, for defendant
Galloway.

Before: LEVIN, P. J., and BRONSON and O'HARA,*
JJ.

---

* Former Supreme Court Justice, sitting on the Court of Appeals
by assignment pursuant to Const 1963, art 6, § 23 as amended in
1968.

O'Hara, J.  This is an appeal upon leave granted. The order appealed from is not only interlocutory in nature, it is anticipatory in that it holds that any judgment "which might eventually be rendered against defendant, Edward Galloway, would be the personal responsibility of Edward Galloway *and not that of the Michigan Motor Vehicle Accident Claims Fund*".[1]  (Emphasis supplied.)

This holding upon the part of the trial judge was premised upon certain admitted facts.

First, defendant Galloway, who owned the claimed offending vehicle, was not covered by a policy of liability insurance issued to him as owner.  He had in the absence thereof, in order to be able to purchase license plates, paid the requisite $35 uninsured motorist fee.

Second, defendant Pitts was covered by a policy of liability insurance which covered *him* when driving vehicles other than the one specified in a policy of insurance issued to his wife.  For our purpose no policy defense is raised, and we thus conclude necessarily that in the event of a judgment against Pitts and Galloway jointly, this so-called "drive other car" coverage will, for decisional purposes, be in full force and effect.

Thus, we are reduced to the single, narrow, specific question of whether under these facts (there being only *one* claimed offending vehicle) the fact that Pitts was protected by a policy of liability insurance while driving *that* car, the Michigan Motor Vehicle Accident Claims Fund is liable for payment

---

[1] The net effect of Judge Farmer's orders was almost the same as a declaratory judgment. We note this so that in the event of further review of our decision the record before the Supreme Court will indicate that we were aware of the possible procedural infirmity. We chose not to address ourselves to that issue because the question raised and briefed on the merits is of major significance to the jurisprudence. Our acceptance of it on leave granted does not indicate our approval of the procedural method employed to present it.

of damages in any amount which might be awarded to plaintiff. Stated in the simplest possible terms, the question is: Did Galloway's otherwise uninsured vehicle become an "insured vehicle" under the wording of the applicable statute?

The question is one of first impression. We hold that it did. We further hold that for this reason under the foregoing stated facts, the fund can in no wise be liable for any damages awarded plaintiff.

The statute, MCLA § 257.1102(d) (Stat Ann 1968 Rev § 9.2802[d]), contains the definition of an "uninsured motor vehicle".

" 'Uninsured motor vehicle' means a motor vehicle as to which there is not in force a liability policy meeting the requirements of the motor vehicle responsibility law of this state   *   *   *   and which is not owned by a holder of self-insurance under the law."

The legal texts dealing with this question point out that "ordinarily" or "generally" an uninsured motor vehicle is one with respect to which *neither the owner* nor the *operator* carried bodily injury liability insurance. See Annotation: *Rights and Liabilities Under "Uninsured Motorists" Coverage,* 1961, 79 ALR2d 1252; 7 Blashfield, Automobile Law and Practice (3d ed), § 274.10, p 74. While the generally understood meaning of a term at the time that term is used by the legislature is relevant in an attempt to interpret the legislative meaning it is, of course, within the competence of the legislature to provide a legislative definition varying generally understood meaning and controlling over all other definitions. *Erlandson* v. *Genesee County Employees' Retirement Commission* (1953), 337 Mich 195. Where the statute expressly provides the defi-

nition of terms used therein, such definitions are binding and the court cannot look elsewhere for their meaning. *W. S. Butterfield Theatres, Inc.*, v. *Department of Revenue* (1958), 353 Mich 345; *Woods* v. *Progressive Mutual Insurance Company* (1968), 15 Mich App 335.

Here the legislature has given us an express definition of "uninsured motor vehicle" which we quoted above. In light of this specific legislative definition, we see no reason for any other judicially formulated.

The fund is subject to claims only when there is no liability insurance policy in force *with respect to that vehicle.*[2] Pitts's insurance policy was in force "with respect to that vehicle". *Ergo,* it was not uninsured. *Ergo,* the fund cannot be liable.

In so holding, we do not ignore plaintiff's argument that the statute requires that the policy of liability insurance in force with respect to the involved vehicle meet all the requirements set forth in the financial responsibility act. MCLA § 257.501 *et seq.* (Stat Ann 1968 Rev § 9.2201 *et seq.*).

Whatever merit there may be in this contention, the policy provisions which affect the potential liability of Pitts's insurer to the plaintiff in this case are not inconsistent with the requirements of the financial responsibility act. Whether, under plaintiff's theory, there are defects in the coverage which might be available to another claimant, in other circumstances, does not alter the fact that the policy issued to Pitts is "in force" for the purpose of any legally cognizable interest which this plaintiff may possess in this case. Hence the issue is not decisionally relevant and we do not decide it.

---

[2] The self-insurer proviso is not involved.

For the reasons herein set forth, the order of the trial judge is affirmed.   No costs, a public question. All concurred.