SHADBOLT *v.* MICHIGAN DEPARTMENT OF CORRECTIONS

1. PARDON AND PAROLE—PAROLE VIOLATION HEARING—CONVICTION—
FELONY—CONSTITUTIONAL LAW—STATUTES—PRESUMPTION.

There is a valid basis for denying a prisoner accused of violating his parole a hearing in the case of a conviction for a felony as such a conviction cannot occur before the prisoner has been afforded his full constitutional rights, including right to counsel and right to a speedy and public trial; such conviction and the constitutional rights available to the prisoner before he was so convicted permit the enactment by the legislature of a conclusive statutory presumption that parole has been violated (MCLA § 791.240a).

2. PARDON AND PAROLE—PAROLE VIOLATION—TIMELY HEARING—
FELONY—CONVICTION.

There is no merit to plaintiff's claim that he was denied a timely hearing on parole violation where the violation consisted of a felony conviction while on parole as no hearing was required.

3. PARDON AND PAROLE—PAROLE VIOLATION HEARING—RIGHT TO
COUNSEL.

Plaintiff failed to establish a meritorious claim of right to counsel at a parole violation hearing where his claim of right to counsel must be predicated upon his right to a hearing and he had no such right.

Appeal from Jackson, Charles J. Falahee, J., and from Court of Appeals prior to decision. Submitted September 16, 1971. (No. 47 June Term 1971, Docket No. 53,052-1/2.) Decided November 9, 1971.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 59 Am Jur 2d, Pardon and Parole §§ 92, 93.
[3] 59 Am Jur 2d, Pardon and Parole §§ 92, 93, 97.

Habeas corpus filed in Jackson Circuit Court by Phillip J. Shadbolt against Michigan Department of Corrections. Writ denied. Defendant appealed to the Court of Appeals and applied to the Supreme Court for leave to appeal prior to decision by the Court of Appeals. Leave granted. Affirmed.

*Arthur J. Tarnow,* State Appellate Defender, and *Larry R. Farmer,* Assistant Defender, for plaintiff on appeal.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Stewart H. Freeman,* Assistant Solicitor General, for defendant.

Per Curiam.    Plaintiff was paroled by the Michigan Department of Corrections to the custody of the sheriff of Williams County, Ohio. On May 1, 1964, Ohio issued a parole violation warrant against Shadbolt for absconding from supervision. On June 4, 1964, the Michigan Department of Corrections did likewise.

On February 20, 1965, plaintiff was arrested on an Ohio forgery charge and remained in Ohio custody until the Ohio charges were dropped on March 6, 1965. On March 8, 1965, Shadbolt was turned over to a U.S. Marshal to answer to Federal charges. On March 26, 1965, plaintiff was sentenced by the United States District Court in Toledo, Ohio, to a term of five years for interstate transportation of stolen securities. Shadbolt remained in Federal prison until his release on March 12, 1969. During this period, Michigan and Ohio corrections officials knew of plaintiff's whereabouts. Parole violation warrants of both states were filed against plaintiff. No attempt was made to execute the warrants. On March 12, 1969, when released from

Federal custody, Shadbolt was turned over to the
Michigan Department of Corrections.

By petition for writ of habeas corpus, plaintiff
challenged his continued imprisonment in Michigan.
The Jackson County Circuit Court denied his peti-
tion. Shadbolt appealed to the Court of Appeals,
which treated his appeal as a mandamus action and
*sua sponte,* on October 8, 1970, placed his case in
abeyance pending our decision in *Browning* v.
*Michigan Department of Corrections* (1971), 385
Mich 179. Plaintiff then applied to us for leave to
appeal prior to the Court of Appeals' decision. We
granted leave to appeal. (384 Mich 783.)

The issues raised are right to a timely parole
violation hearing, right to counsel at the hearing,
and computation of dead time.

Plaintiff was given a parole violation hearing.
He was not represented by counsel at the hearing.
At the conclusion of the hearing, the parole board
found plaintiff guilty of violating parole by reason
of his Federal court conviction and fixed the date
of delinquency as May 1, 1964, and date of return
to custody as March 12, 1969. The intervening four
years, 10 months and 11 days were considered dead
time, not to be credited to plaintiff's sentence.

In the recently decided case of *Browning* v. *Michi-
gan Department of Corrections* (1971), 385 Mich
179, we considered the dead time statute. A major-
ity of this Court held (p 189):

"We decline to accord the dead time statute an
unreasonable and strained construction. Rather, we
believe that the dead time statute must be read *in
pari materia* with the Compact to effect the con-
stitutionally approved and well-established legisla-
tive intent against consecutive sentences, which
abides absent some clearly expressed contrary pro-

vision.  To this end, we construe and so hold that
the phrase 'date of availability' means actual *or*
constructive availability for return to the Michigan
penal system.  The arrest of a parolee, irrespective
of the location of the arrest, coupled with issuance
of a parole violation warrant and good faith effort
to retake the parolee constitutes constructive availa-
bility." (Emphasis by Court.)

On September 16, 1971, counsel for plaintiff, by
supplemental brief and appendix, advised this
Court:

"Petitioner Shadbolt is pleased to inform the
Court that the Department of Corrections has
granted the relief requested of credit for time served
pursuant to the Court's decision in *Browning* v.
*Department of Corrections,* 385 Mich 179 (1971)."

Section 40a, PA 1968, No 192 (MCLA § 791.240a;
Stat Ann 1971 Cum Supp § 28.2310[1]), provides:

"Within 30 days after a paroled prisoner has been
returned to a state penal institution under accusa-
tion of a violation of his parole, *other than the con-
viction for a felony or misdemeanor punishable by
imprisonment in any jail, a state or Federal prison
under the laws of this state, the United States or
any other state or territory of the United States,*
he shall be entitled to a hearing on such charges
before 2 members of the parole board.  Hearings
shall be conducted in accordance with rules and
regulations adopted by the director, and the accused
prisoner shall be given an opportunity to appear
personally or with counsel and answer to the charges
placed against him." (Emphasis added.)

Several courts have recently held that constitu-
tional due process requires that parolees be accorded
the right to a hearing where they are represented by
counsel before a proper determination of parole

revocation can be made. *Commonwealth* v. *Tinson* (1969), 433 Pa 328 (249 A2d 549); *Menechino* v. *Warden* (1970), 27 NY2d 376 (318 NYS2d 449, 267 NE2d 238); *United States ex rel. Bey* v. *Connecticut State Board of Parole* (CA 2, 1971), 443 F2d 1079; *Goolsby* v. *Gagnon* (ED Wis, 1971), 322 F Supp 460. However, in none of these recent parole revocation cases was the parole terminated because of a felony or misdemeanor conviction. In each of these cases, parole was terminated as a result of allegations of misconduct which might have been refuted or proven to be of minimum significance had the parolee been represented by counsel.

There is a valid basis for denying a prisoner accused of violating his parole a hearing in the case of a conviction for a felony. Such a conviction cannot occur before the prisoner has been accorded his full constitutional rights, including right to counsel and right to a speedy and public trial. Such conviction and the constitutional rights available to the prisoner before he is so convicted permit the enactment by the legislature of a conclusive statutory presumption that parole has been violated.

There is no merit to plaintiff's claim that he was denied a timely hearing. His violation consisted of a felony conviction while on parole. No hearing was required. His claim of right to counsel must be predicated upon his right to a hearing. Since he had no such right, we do not consider that he has established a meritorious claim of right to counsel.

The circuit judge did not err in denying plaintiff's application for writ of habeas corpus. He is affirmed.

T. M. KAVANAGH, C. J., and BLACK, ADAMS, T. E. BRENNAN, T. G. KAVANAGH, SWAINSON, and WILLIAMS, JJ., concurred.