## COUTURE v GENERAL MOTORS CORPORATION

Docket No. 61550. Submitted November 9, 1982, at Lansing.—Decided March 16, 1983. Leave to appeal applied for.

Donald J. Couture petitioned for and was awarded workers' compensation benefits from General Motors Corporation for an injury to his ankle. The Workers' Compensation Appeal Board found that General Motors had presented an inconsistent and nonsensical defense and that Couture was entitled to a penalty award in addition to the compensation because General Motors had failed to pay the benefits for 30 days after Couture first presented the claim to General Motors. General Motors appealed by leave granted. *Held:*

The award of compensation benefits should be affirmed but the penalty award should be reversed. Workers' compensation benefits, when not disputed, are due and payable on the 14th day after the employer has notice of the injury. However, a claim for benefits must go to a hearing upon the application of any interested party when a dispute has arisen. Once the case is set for a hearing, the penalty provision is inapplicable until 30 days following a decision, where no appeal is taken. The penalty provision does not grant the Workers' Compensation Appeal Board the authority to make a qualitative determination of the merits of a defense for the purpose of assessing a penalty.

Affirmed in part and reversed in part.

1. WORKERS' COMPENSATION — APPEAL BOARD.

The Court of Appeals is bound by law to accept a decision of the Workers' Compensation Appeal Board where the board has applied the proper legal standards and its factual findings are supported by some competent evidence.

REFERENCES FOR POINTS IN HEADNOTES

[1] 82 Am Jur 2d, Workmen's Compensation §§ 633, 634.

[2] 73 Am Jur 2d, Statutes §§ 145, 146, 272-275. [3-5] 82 Am Jur 2d, Workmen's Compensation § 658.

Tort liability of worker's compensation insurer for wrongful delay or refusal to make payments due. 8 ALR4th 902.

2. STATUTES — CONSTRUCTION.

The guiding principal of statutory interpretation is to determine and effectuate the intent of the Legislature; to ascertain that intent, a court should first review the specific language of the disputed provision, giving all terms their plain and ordinary meaning absent a contrary legislative intent and where an ambiguity is found the court may refer to any factors which may advance the most probable and reasonable legislative intention.

3. WORKERS' COMPENSATION — DELAY IN PAYMENT — PENALTIES.

The statute providing for payment of a penalty by an employer who delays payment of workers' compensation benefits for more than 30 days requires that the benefits be due and payable and that there be no ongoing dispute; an award is considered to be in dispute while review or appeal is pending and during the time periods permitted for filing a claim for review or for appeal (MCL 418.801[2]; MSA 17.237[801][2]).

4. WORKERS' COMPENSATION — DELAY IN PAYMENT — PENALTIES.

The statute providing for payment of a penalty by an employer who delays payment of workers' compensation benefits for more than 30 days does not, by its own terms, grant the Workers' Compensation Appeal Board the authority to make a qualitative determination of the merits of a defense for the purpose of assessing a penalty (MCL 418.801[2]; MSA 17.237[801][2]).

5. WORKERS' COMPENSATION — PENALTIES.

The statute providing for payment of a penalty by an employer who delays payment of workers' compensation benefits for more than 30 days is limited in its application to 30 days following the immediate 14 days after the injury if no dispute is taken to the compensation bureau; once the case is set for a hearing with the bureau, the penalty provision is inapplicable until 30 days following a decision where no appeal is taken (MCL 418.801[2]; MSA 17.237[801][2]).

*Davidson, Breen & Doud, P.C.* (by *Richard J. Doud*), for plaintiff.

*Braun, Kendrick, Finkbeiner, Schafer & Murphy* (by *E. Louis Agnisanti* and *Daniel J. Cline*), for defendant.

Before: T. M. Burns, P.J., and Beasley and K. N. Hansen,* JJ.

Per Curiam. Defendant, General Motors Corporation, appeals by leave granted from the Workers' Compensation Appeal Board's (WCAB) award of $24.40 in compensation and $1,500 in penalties in favor of plaintiff, Donald J. Couture. We affirm in part and reverse in part.

The issue for the Court is whether MCL 418.801(2); MSA 17.237(801)(2) allows the WCAB to impose a penalty for an employer's bad faith refusal to pay a claim.

When the WCAB has applied the proper legal standards, and its factual findings are supported by some competent evidence, this Court is bound by law to accept its decision. Const 1963, art 6, § 28; *Christiansen v Eaton, Yale & Towne, Inc,* 89 Mich App 440, 444; 280 NW2d 463 (1978). In the present case, the WCAB found that plaintiff injured his ankle at work on July 1, 1980. Plaintiff filed his petition for a hearing on July 3, 1980, seeking to compel defendant to pay his medical bills. Plaintiff also sought a $50-per-day penalty against General Motors.

On July 14, 1980, the employer filed a Form 107, reporting and disputing the injury as "not disabling". On August 15, 1980, plaintiff presented defendant with a medical bill for $18.00. Also on August 15, 1980, defendant filed an amended Form 107, disputing the claim because plaintiff was treated by his personal physician within 10 days after the injury in violation of MCL 418.315; MSA 17.237(315). On August 21, 1980, plaintiff amended his petition to include $6.40 for mileage.

The WCAB found that plaintiff had suffered a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

work-related injury and was entitled to an award of $24.40 as compensation. The board found the defense presented by defendant to be inconsistent and nonsensical and found that defendant had waived MCL 418.315; MSA 17.237(315). The board then stated:

"5. Given the foregoing, the penalty provision, MCL 418.801(2) definitely applies beginning September 15, 1980, 30 days after plaintiff first presented the bill to defendant. Given all of our previous discussion, we find as fact that there was no ongoing dispute based upon this record after September 15, 1980."

MCL 418.801(2); MSA 17.237(801)(2) provides:

"(2) If weekly compensation benefits, accrued weekly benefits, medical bills, or travel allowance are not paid within 30 days after becoming due and payable in cases where there is no ongoing dispute, $50.00 per day shall be added and paid to the worker for each day over 30 days in which the compensation, medical bills, or travel allowance are not paid. Not more than $1,500.00 in total may be added pursuant to this subsection."

In construing this provision, the board, in effect, found that defendant had disputed plaintiff's claim in bad faith, with no viable defense. We are bound by that factual conclusion. However, whether the board has the power to make such a finding is a matter of statutory construction and a question of law.

This Court's guiding principle of statutory interpretation is to determine and effectuate the intent of the Legislature. *Charpentier v Canteen Corp,* 105 Mich App 700, 704; 307 NW2d 704 (1981). To ascertain this intent, the Court must first review the specific language of the disputed provision, giving all terms their plain and ordinary meaning

absent a contrary legislative intent. *Lamphere Schools v Lamphere Federation of Teachers,* 400 Mich 104, 110; 252 NW2d 818 (1977). When an ambiguity is found, resulting in alternative interpretations being possible, this Court may refer to any factors which may advance the most probable and reasonable legislative intention. *Charpentier, supra,* pp 704-705.

In *Charpentier, supra,* this Court found that benefits are "due and payable" and there is "no ongoing dispute" only after the decision by either the referee or the board has been mailed and the time for appeal has run. In *Clark v General Motors Corp,* 117 Mich App 387; 323 NW2d 714 (1982), this Court found that a voluntary agreement was not due and payable and in dispute until formalized by the hearing referee. We agree with the results reached in those cases.

MCL 418.801(2); MSA 17.237(801)(2) does not, by its own terms, grant the WCAB the power to make a qualitative determination of the merits of a defense for the purpose of assessing a penalty. The statute simply provides that there must be no ongoing "dispute". Benefits, when not disputed, are due and payable on the 14th day after the employer has notice of the injury. MCL 418.801(1); MSA 17.237(801)(1). However, MCL 418.847; MSA 17.237(847) requires a claim to go to a hearing upon the application of any interested party when any "dispute" has arisen. We cannot read the term "dispute" in either statute to mean only a meritorious or nonfrivolous dispute.

We note the possible salutary effect of a penalty provision in deterring the bad faith failure to pay meritorious claims. The Legislature had expressly put such a provision into no-fault insurance law. See MCL 500.2006(4); MSA 24.12006(4). However,

in the absence of such an express provision in the workers' compensation law, we must hold that the penalty provision, MCL 418.801(2); MSA 17.237(801)(2), is limited in its application to 30 days following the 14 days after the injury if no dispute is made to the compensation bureau. Once the case is set for a hearing the penalty provision is inapplicable until 30 days following a decision where no appeal is taken. Accordingly, the award of $1,500.00 in favor of plaintiff is reversed. The award of $24.40 is affirmed.

Affirmed in part and reversed in part.