WARNER v COLLAVINO BROTHERS

Docket No. 72386. Submitted December 12, 1983, at Grand Rapids.—
Decided March 22, 1984. Leave to appeal applied for.

Plaintiff, William T. Warner, was injured on January 23, 1980,
during the course of his employment with defendant Collavino
Brothers. The employer and its workers' compensation insurer,
defendant Lumbermens Mutual Casualty Company, began pay-
ing workers' compensation benefits. Plaintiff was initially
treated by a medical doctor. However, on February 5, 1980, he
sought treatment with a chiropractor. Plaintiff again saw the
medical doctor on March 3, 1980, and on March 4, 1980, the
medical doctor sent a report to the defendants indicating that
plaintiff was "disabled indefinitely". On March 21, 1980, plain-
tiff's benefits were discontinued by the defendants. On April 7,
1980, plaintiff filed a petition for a hearing with the Bureau of
Workers' Disability Compensation. On April 25, 1980, defen-
dants filed a notice of dispute form stating that because they
had not received medical verification of disability from plain-
tiff's chiropractor they had ceased making payments. Defen-
dants resumed paying benefits on May 22, 1980. On March 11,
1981, a hearing was held on plaintiff's claim that he was
entitled to receive various late payment penalties because of
the temporary suspension of his benefits. The hearing referee
denied the claim for a penalty payment. Plaintiff appealed to
the Workers' Compensation Appeal Board which concluded
that, although defendants were not justified in terminating
plaintiff's benefits, an "ongoing dispute" within the meaning of
§ 801(2) of the Worker's Disability Compensation Act existed
between the parties and prevented plaintiff from recovering a

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 82 Am Jur 2d, Workmen's Compensation §§ 613, 614.

[2] 82 Am Jur 2d, Workmen's Compensation §§ 442, 653.

[3] 82 Am Jur 2d, Workmen's Compensation § 540.

[4, 5] 82 Am Jur 2d, Workmen's Compensation §§ 590, 658.
Tort liability of worker's compensation insurer for wrongful delay
or refusal to make payments due. 8 ALR4th 902.

[6] 73 Am Jur 2d, Statutes §§ 145, 196.

[7] 82 Am Jur 2d, Workmen's Compensation § 631.

penalty payment. Plaintiff's application for leave to appeal to the Court of Appeals was denied in an order dated September 24, 1982, Docket No. 65611. Plaintiff then sought leave to appeal to the Michigan Supreme Court, which, in lieu of granting leave to appeal, entered an order remanding the case to the Court of Appeals for consideration of whether the "no ongoing dispute" exception to the penalty provision of § 801(2) should be interpreted as requiring a good-faith dispute. *Held:*

1. The appeal board correctly construed the "ongoing dispute" provision of § 801(2) to preclude recovery by plaintiff of a penalty payment.

2. An award is to be considered "in dispute" while review or appeal is pending and during the time periods permitted for filing a claim for review or of appeal.

3. Section 801(2) does not authorize the appeal board to impose a penalty for an employer's bad faith refusal to pay a claim. The statute simply provides that there must be no ongoing dispute and does not distinguish good faith disputes from bad faith or unreasonable disputes.

4. A finding by the appeal board that an employer disputed a claim in bad faith will not justify the assessment of a penalty against the employer.

5. Although the appeal board found the defendants' position to have been untenable, it made a factual determination that a dispute did exist. The Court of Appeals will not overturn such a factual finding, supported by some competent evidence, in the absence of fraud.

Affirmed.

1. WORKERS' COMPENSATION — APPEAL BOARD — ORDERS — APPEAL.

The Court of Appeals is authorized to review questions of law involved in any final order of the Workers' Compensation Appeal Board (MCL 418.861; MSA 17.237[861]).

2. WORKERS' COMPENSATION — PAYMENT OF COMPENSATION.

The workers' compensation provision regarding the manner and time for the payment of compensation provides that benefits are due and payable on the 14th day after the employer has notice of the employee's injury (MCL 418.801[1]; MSA 17.237[801][1]).

3. WORKERS' COMPENSATION — HEARINGS.

An employer who disputes an employee's claim for workers' compensation benefits has the right to apply to the Bureau of

Workers' Disability Compensation for a hearing before a referee (MCL 418.847; MSA 17.237[847]).

4. WORKERS' COMPENSATION — DELAY IN PAYMENT — PENALTIES — ONGOING DISPUTES.

The statute providing for payment of a penalty by an employer who delays payment of workers' compensation benefits for more than 30 days requires that the benefits be due and payable and that there be no ongoing dispute; an award is considered to be in dispute while review or appeal is pending and during the time periods permitted for filing a claim for review or of appeal (MCL 418.801[2]; MSA 17.237[801][2]).

5. WORKERS' COMPENSATION — DELAY IN PAYMENT — PENALTIES — ONGOING DISPUTES.

The statute providing for payment of a penalty by an employer who delays payment of workers' compensation benefits for more than 30 days does not, by its own terms, grant the Workers' Compensation Appeal Board the authority to make a qualitative determination of the merits of a defense for the purpose of assessing a penalty; the statute simply provides that there must be no ongoing dispute and does not distinguish good faith disputes from bad faith or unreasonable disputes (MCL 418.801[2]; MSA 17.237[801][2]).

6. STATUTES — JUDICIAL CONSTRUCTION.

The cardinal rule of statutory construction is to ascertain and effectuate the intent of the Legislature; to ascertain that intent, the Court of Appeals must first look to the specific language of the statutory provision, giving all terms their plain and ordinary meaning; in construing a statute, the Court will presume that the Legislature is familiar with principles of statutory construction; a statute unambiguous on its face will not be subject to further interpretation or construction.

7. WORKERS' COMPENSATION — FACT FINDINGS — APPEAL — CONSTITUTIONAL LAW.

The Court of Appeals will not overturn the factual findings of the Workers' Compensation Appeal Board, in the absence of fraud, where such findings are supported by some competent evidence (Const 1963, art 6, § 28; MCL 418.861; MSA 17.237[861]).

*Ripple, Chambers & Steiner, P.C.* (by *Sanford L. Steiner*), for plaintiff.

*Smith, Haughey, Rice & Roegge* (by *Lance R. Mather),* for defendants.

Before: D. E. HOLBROOK, JR., P.J., and BRONSON and R. L. TAHVONEN,* JJ.

PER CURIAM. Plaintiff sought leave to appeal to this Court from an order of the Workers' Compensation Appeal Board (WCAB) denying him recovery of a penalty payment. This Court denied plaintiff's application in an order dated September 24, 1982, Docket No. 65611, and plaintiff sought leave to appeal in the Supreme Court. On June 21, 1983, the Supreme Court entered an order remanding the instant case to this Court for consideration of whether the "no ongoing dispute" exception to the penalty provision of MCL 418.801; MSA 17.237(801) should be interpreted as requiring a good-faith dispute, 417 Mich 1016 (1983).

Plaintiff was injured during the course of his employment with Collavino Brothers (hereinafter defendant) on January 23, 1980. Plaintiff was initially treated by a medical doctor and defendant began paying worker's compensation benefits. On February 5, 1980, plaintiff sought treatment with a chiropractor because he felt the medical doctor's treatment was "hurting worse than it was helping". Although plaintiff thereafter missed two sessions with the medical doctor, he saw him on March 3, 1980. On March 4, 1980, the medical doctor sent a report to defendant indicating that plaintiff was "disabled indefinitely". Nevertheless, on March 21, 1980, plaintiff's benefits were discontinued by defendant.

On April 7, 1980, plaintiff filed a petition for a hearing with the Bureau of Workers' Disability

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Compensation. On April 25, 1980, defendant filed a notice of dispute form stating that because it had not received medical verification of disability from plaintiff's chiropractor it had ceased making payments. Defendant resumed paying benefits on May 22, 1980.

On March 11, 1981, a hearing was held on plaintiff's claim that he was entitled to receive various late payment penalties because of the temporary suspension of his benefits in April and May of 1980. The hearing referee denied plaintiff's claim for a penalty payment. The referee's decision was affirmed by the appeal board which concluded that although defendant was not justified in terminating plaintiff's benefits, an "ongoing" dispute within the meaning of MCL 418.801(2); MSA 17.237(801)(2) existed between the parties and prevented plaintiff from recovering a penalty payment.

MCL 418.861; MSA 17.237(861) provides this Court authority to review questions of law involved in any final order of the WCAB. *Aquilina v General Motors Corp,* 403 Mich 206, 213; 267 NW2d 923 (1978). The question of law presented here is whether the WCAB correctly construed the "ongoing dispute" provision of MCL 418.801(2); MSA 17.237(801)(2) to preclude recovery by plaintiff of a penalty payment. The board held that, even though defendant's position in the dispute was "untenable", a dispute did exist and plaintiff was, therefore, barred from recovery of a penalty. We affirm.

Benefits are due and payable on the 14th day after the employer has notice of the employee's injury. MCL 418.801(1); MSA 17.237(801)(1). An employer who disputes an employee's claim, however, has the right to apply to the bureau for a

hearing before a referee. MCL 418.847; MSA 17.237(847). An award is to be considered "in dispute" while review or appeal is pending and during the time periods permitted for filing a claim for review or of appeal. *Charpentier v Canteen Corp,* 105 Mich app 700, 705; 307 NW2d 704 (1981), *lv den* 412 Mich 887 (1981).

Plaintiff urges this Court to interpret MCL 418.801(2); MSA 17.237(801)(2) as requiring a "good faith" dispute in order to stay application of the penalty. This identical issue was before this Court in *Couture v General Motors Corp,* 125 Mich App 174; 335 NW2d 668 (1983). In a per curiam opinion the panel held that the WCAB did not have "the power to make a qualitative determination of the merits of a defense for the purpose of assessing a penalty. The statute simply provides that there must be no ongoing 'dispute'". *Id.,* p 178. The Court ruled that the statute did not authorize the WCAB to impose a penalty for an employer's bad faith refusal to pay a claim.

We agree with the *Couture* Court's interpretation of the penalty provision. The cardinal rule of statutory construction is to ascertain and effectuate the intent of the Legislature. *Melia v Employment Security Comm,* 346 Mich 544, 562; 78 NW2d 273 (1956). This Court must first look to the specific language of the statutory provision, giving all terms their plain and ordinary meaning. *Lamphere Schools v Lamphere Federation of Teachers,* 400 Mich 104, 110; 252 NW2d 818 (1977). In construing a statute, this Court will presume that the Legislature is familiar with principles of statutory construction. *People v Hall,* 391 Mich 175; 215 NW2d 166 (1974). A statute unambiguous on its face will not be subject to further interpretation or construction. *Detroit v Redford Twp,* 253 Mich 453;

235 NW 217 (1931). On its face MCL 418.801(2); MSA 17.237(801)(2) merely requires an "ongoing dispute" and does not distinguish good faith disputes from bad faith or unreasonable disputes. Moreover, the plain and ordinary meaning of the word "dispute" does not encompass such a distinction.

The cases cited by plaintiff from other jurisdictions are inapposite. In each case where the penalty was enforced, the foreign court was guided by specific statutory language regarding the unreasonableness, vexatiousness, or frivolousness of the employer's position. See 3 Larson, Workmen's Compensation Law, § 83.40. No such terms modify the "ongoing dispute" provision in the Michigan statute.

Plaintiff argues that implying a bad faith exception furthers the policies of the Worker's Disability Compensation Act. However, other provisions of the act explicitly reveal the Legislature's desire to further its purposes by imposing a "reasonable" or "good faith" condition. MCL 418.319; MSA 17.237(319) provides that if an employee's refusal to accept rehabilitation is "unjustifi[ed]", then the employee will be subject to a loss or reduction of compensation. As noted by this Court in *Couture, supra,* p 178, the Legislature expressed in explicit terms its intention to deter bad faith refusals to pay meritorious claims in no-fault insurance legislation. See MCL 500.2006(4); MSA 24.12006(4).

From our reading of similar statutes, we infer that the Legislature was aware that prompt payment of compensation benefits could be encouraged by imposing a penalty for the bad faith denial of payments. In the absence of such an express provision in MCL 418.801(2); MSA 17.237(801)(2), we hold that the board's finding that an employer

disputed a claim in bad faith will not justify the assessing of a penalty against the employer.

Although the WCAB found the defendant's position to have been "untenable", the board made a factual determination that a dispute did exist. This determination involved review of conflicting testimony and evaluations of credibility. The finding of the existence of a dispute was based on defendant's filing of a notice of dispute and testimony that defendant failed to receive, though requested, medical substantiation of a continuing disability from plaintiff's chiropractor. In the absence of fraud, this Court will not overturn the board's factual findings where they are supported by some competent evidence. Const 1963, art 6, § 28; MCL 418.861; MSA 17.237(861); *Aquilina v General Motors, supra,* p 213. Accordingly, the board's order denying plaintiff recovery of a penalty payment is affirmed.

Affirmed.