PEOPLE v WASHPUN

Docket No. 100869. Submitted September 8, 1988, at Grand Rapids. Decided March 6, 1989.

Larry Washpun pled guilty, pursuant to a plea agreement, in the Kalamazoo Circuit Court to breaking and entering an occupied dwelling with the intent to commit larceny and larceny in a building. The trial court, C. H. Mullen, J., sentenced him to five to fifteen years for the breaking and entering conviction and two to four years for the larceny conviction. The court also ordered defendant to pay restitution to the victim's insurance company within one year after his release from prison. Defendant appealed.

The Court of Appeals *held:*

1. The trial court properly ordered the payment of restitution to the victim's insurance company. As used in MCL 780.766(10); MSA 28.1287(766)(10), the "person" who has compensated the victim for his loss and to whom a defendant may be ordered to pay restitution includes insurance companies.

2. The sentences imposed do not shock the conscience of the Court of Appeals.

Affirmed.

McDONALD, J., concurred in part and dissented in part. It is his belief that MCL 780.766(10); MSA 28.1287(766)(10) does not authorize the trial court to order the payment of restitution to a victim's insurance company. He does not believe that the word "person" as used in the statute includes insurance companies.

1. CRIMINAL LAW — RESTITUTION.

The Crime Victim's Rights Act authorizes the imposition of restitution to be paid within two years after the end of imprisonment or discharge from parole (MCL 780.766[12][b]; MSA 28.1287[766][12][b]).

REFERENCES

Am Jur 2d, Criminal Law §§ 572-574, 1051-1058.

Propriety of condition of probation which requires defendant convicted of crime of violence to make reparation to injured victim. 79 ALR3d 976.

2. CRIMINAL LAW — RESTITUTION — PROBATION — PAROLE.

The Crime Victim's Rights Act provides that if the defendant is placed on probation or parole any restitution ordered under the act shall be a condition of that probation or parole (MCL 780.766[13]; MSA 28.1287[766][13]).

3. CRIMINAL LAW — RESTITUTION — PERSON — INSURANCE COMPANIES.

The Crime Victim's Rights Act provides that a defendant may be ordered to pay restitution to any person who has compensated the victim for the loss caused by the defendant; the term "person" as used in the act includes insurance companies (MCL 8.3-1, 761.1[a], 780.766[10]; MSA 2.212[12], 28.843[a], 28.1287[766][10]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *Michael H. Dzialowski,* Assistant Prosecuting Attorney, for the people.

*Allen J. Lewis,* for defendant on appeal.

Before: MACKENZIE, P.J., and WEAVER and McDONALD, JJ.

WEAVER, J. This Court, on its own motion, granted rehearing in this matter.

Following a plea agreement, defendant pled guilty to breaking and entering an occupied dwelling with the intent to commit larceny, MCL 750.110; MSA 28.305, and larceny in a building, MCL 750.360; MSA 28.592, and was sentenced to five to fifteen and two to four years imprisonment respectively. Defendant appeals from his convictions and sentences as of right. We affirm.

On appeal defendant contends the sentencing court erred in ordering that restitution to the victim's insurance company be paid within one year of defendant's release from prison.

Defendant first argues that it was improper to impose restitution to be paid following defendant's

release from prison, claiming the court will lack jurisdiction over defendant once the prison sentence is completed. We disagree. Section 16(12)(b) of the Crime Victim's Rights Act, MCL 780.751 *et seq.*; MSA 28.1287(751) *et seq.*, specifically authorizes the imposition of restitution to be paid within two years after the end of imprisonment or discharge from parole. MCL 780.766(12); MSA 28.1287(766)(12) provides:

> If not otherwise provided by the court under this subsection, restitution shall be made immediately. However, the court may require that the defendant make restitution under this section within a specified period or in specified installments. The end of the period or the last installment shall not be later than the following:
>
> (a) The end of the period of probation, if probation is ordered.
>
> (b) Two years after the end of imprisonment or discharge from parole, whichever occurs later, if the court does not order probation.
>
> (c) Three years after the date of sentencing in any other case.

We note that payment of restitution in this time sequence is also a statutory condition of parole pursuant to § 16(13):

> If the defendant is placed on probation or paroled, any restitution ordered under this section shall be a condition of that probation or parole. The court may revoke probation and the parole board may revoke parole if the defendant fails to comply with the order and if the defendant has not made a good faith effort to comply with the order. In determining whether to revoke probation or parole, the court or parole board shall consider the defendant's employment status, earning ability, financial resources, and the willfulness of the defendant's failure to pay, and any other special

circumstances that may have a bearing on the defendant's ability to pay.

Defendant next claims the order of restitution is improper as it awards restitution not to the victim, but to the victim's insurance company. We disagree.

Section 16(10) of the Crime Victim's Rights Act provides:

> The court shall not order restitution with respect to a loss for which the victim or victim's estate has received or is to receive compensation, including insurance, except that the court may, in the interest of justice, order restitution to the crime victims compensation board or to any person who has compensated the victim or victim's estate for such a loss to the extent that the crime victims compensation board or the person paid the compensation. An order of restitution shall require that all restitution to a victim or victim's estate under the order be made before any restitution to any other person under that order is made.

The Legislature has here used the generic term "person" in designating the class which may be availed of the benefits of restitution, and thereby avoid the necessity of instituting separate litigation to the same end, while taking the profit, if any, out of crime.

As used in § 16(10), "person" includes insurance companies as well as individuals. The Legislature has provided two apposite standing constructions to guide our interpretation of this provision:

> The word "person" may extend and be applied to bodies politic and corporate, as well as to individuals. [MCL 8.3-l; MSA 2.212(12).]

This statutory definition has been regularly ap-

plied by the judiciary. *Grand Rapids v Harper*, 32 Mich App 324; 188 NW2d 668 (1971); *Chicago & NWR Co v Ellson*, 113 Mich 30; 71 NW 324 (1897); *Bush v Sprague*, 51 Mich 41; 16 NW 222 (1883). In this respect, criminal statutes are no different. *People v Ferguson*, 119 Mich 373; 78 NW 334 (1899).

The quoted statute is mandatory in its application, "unless such construction would be inconsistent with the manifest intent of the legislature." MCL 8.3; MSA 2.212. The Legislature has the prerogative of defining the sense in which words are employed in statutes. *Erlandson v Genesee Co Employees Retirement Comm*, 337 Mich 195; 59 NW2d 389 (1953); *People v Harrison*, 194 Mich 363; 160 NW 623 (1916).

The word "person" has also been given legislative definition in MCL 761.1(a); MSA 28.843(a), for purposes of the Code of Criminal Procedure, of which MCL 780.766(10); MSA 28.1287(766) is a part:

> "Person" . . . and similar words include unless a contrary intention appears, public and private corporations, partnerships, and unincorporated or voluntary associations.

The Legislature needed to define "victim" to include, inter alia, corporations in MCL 780.766(1); MSA 28.1287(766)(1),[1] because it had not elsewhere supplied an applicable definition of the term. Having long since, however, defined "person," both in

---

[1] (1) For purposes of this section only, "victim" means an individual who suffers direct or threatened physical, financial, or emotional harm as a result of the commission of a crime; *and for purposes of subsections (2), (4), (7), (9), (10), (11), and (15), "victim" includes a sole proprietorship, partnership, or corporation.*

the general statutes and in the Code of Criminal
Procedure, as including inter alia corporations, it
had no need to further color that term in subsec-
tion (10) unless it wanted to change the extant
connotation. The Legislature, which is deemed to
be aware of the rules of statutory construction,
*Warner v Collavino Bros,* 133 Mich App 230; 347
NW2d 787 (1984); *Hasty v Broughton,* 133 Mich
App 107; 348 NW2d 299 (1984), thus assumed the
Courts would utilize the definitions it had sup-
plied, since legislatively mandated definitions su-
persede all other definitions, including judicial and
lexicographic. *Degrandchamp v Michigan Mutual
Ins Co,* 99 Mich App 664; 299 NW2d 18 (1980).
When the Legislature has provided a definition, it
is binding and the courts cannot "look afield" for
their meaning elsewhere. *W S Butterfield The-
atres, Inc v Dep't of Revenue,* 353 Mich 345; 91
NW2d 269 (1958); *Bennett v Pitts,* 31 Mich App
530; 188 NW2d 81 (1971).

Two purposes behind the Legislature's inclusion
of § 16(10) may be fairly readily discerned. One
apparent legislative intent behind subsection (10)
is to avoid ordering restitution which would doubly
compensate a victim. The abhorrence of double
compensation is well established in our jurispru-
dence. The Legislature wanted to place the finan-
cial burden of crime on the criminal, while fully,
but not overly, compensating the victim and reim-
bursing any third party, such as an insurer, who
compensated the victim on an interim basis. See
*Epps v Mercy Hospital,* 69 Mich App 1, 5; 244
NW2d 340 (1976):

> The thrust of this decision, and the 1963 amend-
> ment to the statute was the prevention of a wind-
> fall to an injured workman of money which has
> not been expended for his own medical expenses.

This does not mean, however, that the employer should be able to enjoy a windfall simply because someone else has paid the injured workman's medical expenses, or provided him with medical services.

Substitute "victim" for "workman" and "criminal" for "employer" in the quoted material, and its application here becomes manifest. Accord: *Ford Motor Co v Jackson (On Rehearing),* 399 Mich 213, 222; 249 NW2d 29 (1976) ("It is highly unlikely that in this context the Legislature intended a 'windfall,' as it has been aptly designated.").

The second principal effect of subsection (10) would seem to be to prevent application of the "collateral source doctrine" to crime victims' restitution situations. Without such a statutory directive, the victim could recoup damages from the criminal without regard to previous payment from insurance companies or other ancillary sources. *Squires v Kalamazoo Co Road Comm'rs,* 378 Mich 613; 147 NW2d 65 (1967); *Perrott v Shearer,* 17 Mich 48 (1868). By enacting subsection (10), the Legislature limits restitution to those who have losses which are, as of the time restitution is paid, *still* out of pocket.

Neither postulated intent is "manifestly inconsistent" with embracing insurance companies within the class of juridical entities which may benefit from restitution pursuant to the Crime Victim's Rights Act. Victims of crimes are thus spared the expense, trouble, risk, and delay inherent in pursuing separate civil litigation over readily liquidatable damages from criminal acts,[2] while

---

[2] See § 16(11), which states:

(11) Any amount paid to a victim or victim's estate under an order of restitution shall be set off against any amount later recovered as compensatory damages by the victim or the vic-

the judicial system, and the taxpayers who fund its operation, having once determined responsibility, after according the full panoply of due process rights to the perpetrator, see *Shadbolt v Dep't of Corrections,* 386 Mich 232, 236; 191 NW2d 344 (1971), are spared the need to replicate those efforts on the civil side. Accordingly, we are bound by the Legislature's definition of "person," and compelled to affirm that portion of the trial court's order of restitution which directs payment to the victim's insurer.

We also reject defendant's claim that the trial court's departure from the guideline-recommended sentence is shocking to the conscience. The sentencing judge properly exercised his discretion as to the determination of the proper sentences and followed the procedural requirements for departure from the guidelines. We have reviewed the sentences imposed and find they do not shock our conscience.

Affirmed.

MacKENZIE, P.J., concurred.

McDONALD, J. *(concurring in part and dissenting in part.)* I concur in part and dissent in part. Defendant claims the order of restitution improper as it awards restitution not to the victim, but to the victim's insurance company. I agree. In cases where the victim has already been compensated, § 16(10) of the Crime Victim's Rights Act, MCL 780.766(10); MSA 28.1287(766)(10), grants the trial court authority to order restitution to either the Crime Victim's Compensation Board or any other "person" who has compensated the victim. The

tim's estate in any federal or state civil proceeding and shall reduce the amount payable to a victim or a victim's estate by an award from the crime victims compensation board made after an order of restitution under this section.

statute does not authorize the payment of restitution to a victim's insurance company. Although the word "person" may extend and be applied to bodies politic and corporate, MCL 8.3-l; MSA 2.212(12), I decline to hold the word "person" as utilized in this statute includes insurance companies. Had the Legislature intended restitution be paid insurance companies, I believe it would have expressly so stated, as insurance compensation is explicitly included in the first part of the statute. Thus I believe the Legislature's failure to include insurance companies in the later part of the statute evinces its intent to exclude the same. *Odette v Michigan Liquor Control Comm,* 171 Mich App 137; 429 NW2d 814 (1988).

I am not suggesting a criminal should benefit from the wisdom of a victim's insuring against loss of property and personal injury caused by a criminal act. An insurer may seek reimbursement of losses paid its insured on the civil side of the court, which is better suited to determine economic loss.

Other than some property crimes where an element of the offense requires economic proof that the value of the property exceeds a statutory dollar amount, I can find no crime that requires a fact finder to determine a victim's damages for items such as lost wages, medical care, and property loss. That is not to say a trial court could not conduct a full evidentiary hearing prior to sentencing to determine such an amount, but the procedure would be cumbersome and time consuming and unduly delay the sentencing process.

There are additional problems concerning the scope of the representation of the accused. A quasi-civil postconviction hearing would require court-appointed counsel to defend claims of economic

loss on behalf of the defendant, causing additional expense to the taxpayer.

And further, the sentencing court may have to allow the insurance company's attorney to participate in the postconviction proceedings to prove its losses. Although the Legislature was willing to further burden our criminal justice system on behalf of the victim or persons who financially assisted the victim and the nonprofit Crime Victim's Compensation Board, I do not feel they intended to extend this benefit to the stockholders of an insurance company by turning the Department of Corrections into their collection agency.

The majority's expansion of the word "person" to include insurance companies appears just on its face but the attendant body of problems will cause havoc in our already overburdened criminal justice system.

I would reverse the trial court's decision on this issue.