*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

RICHARD LEE RUSS,

Defendant-Appellant.

UNPUBLISHED
December 12, 2024
3:29 PM

No. 369787
Jackson Circuit Court
LC No. 2022-000583-FH

Before: MALDONADO, P.J., and M. J. KELLY and GARRETT, JJ.

PER CURIAM.

Defendant pleaded no contest to larceny of $1,000 or more but less than $20,000, MCL 750.356(3)(a). The trial court initially sentenced defendant to 24 months on probation, and 365 days in jail, with the balance of jail time temporarily suspended. Later, the prosecution moved for restitution, which the trial court granted in the amount of $3,640. Defendant now appeals the restitution order by leave granted.[1] We reverse.

## I. FACTS

Defendant stole a copper coil from the victim's business refrigeration unit. Defendant's conduct included taking apart one unit to remove the coil and flipping over a second unit, causing damage to both units. Pursuant to a plea agreement, defendant pleaded no contest to larceny, and the prosecution dismissed a charge for malicious destruction of property.

The victim initially indicated that he would not pursue restitution; however, four months before defendant's sentence, the victim's insurance company e-mailed the prosecution with a request for $3,640 in restitution. At sentencing, the insurance company's request was not raised nor was the general issue of restitution considered by the trial court. Accordingly, the trial court sentenced defendant without ordering restitution. Several months later, the prosecution moved to

---

[1] *People v Russ*, unpublished order of the Court of Appeals, entered March 28, 2024 (Docket No. 369787).

reopen defendant's record and requested restitution in the amount of $3,640. Defendant responded, claiming that the request was time-barred and that the amount requested did not directly arise from defendant's convicted conduct. The trial court disagreed with defendant, granted the motion, and ordered defendant to pay $3,640 in restitution to the insurance company.

## II. ANALYSIS

Defendant argues that the trial court erred by granting the prosecution's motion and ordering defendant to pay $3,640 in restitution. We agree.

"An order of restitution is generally reviewed for an abuse of discretion." *In re McEvoy*, 267 Mich App 55, 59; 704 NW2d 78 (2005). "When the question of restitution involves a matter of statutory interpretation," we review de novo. *In re White*, 330 Mich App 476, 481; 948 NW2d 643 (2019) (quotation marks and citation omitted).

The Michigan Constitution provides that "[c]rime victims, as defined by law, shall have the . . . right to restitution." Const 1963, art 1, § 24(1). For the purposes of restitution, a crime victim is "an individual who suffers direct or threatened physical, financial, or emotional harm as a result of the commission of a crime." MCL 780.766(1). However, a victim can also be "a sole proprietorship, partnership, corporation, association, governmental entity, or any other legal entity that suffers direct physical or financial harm as a result of a crime." MCL 780.766(1).

"[W]hen sentencing a defendant convicted of a crime, the court shall order . . . that the defendant make full restitution to any victim of the defendant's course of conduct that gives rise to the conviction or to the victim's estate." MCL 780.766(2). If the victim receives compensation from another entity, then the trial court "shall order restitution to the crime victim services commission or to any individuals, partnerships, corporations, associations, governmental entities, or other legal entities that have compensated the victim or the victim's estate for a loss incurred by the victim to the extent of the compensation paid for that loss." MCL 780.766(8). Restitution payment to insurance companies is permitted by statute because the insurer "compensated the victim on an interim basis." *People v Washpun*, 175 Mich App 420, 425; 438 NW2d 305 (1989). However, a trial court "may not order restitution for losses that are covered by insurance" to victims because victims should not be doubly enriched. *People v Bentley*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 364303); slip op at 5; *Washpun*, 175 Mich App at 425. "The purpose of restitution is to allow crime victims to recoup losses suffered as a result of criminal conduct." *In re White*, 330 Mich App at 480 (quotation marks and citation omitted). "Restitution is not designed to provide a windfall for crime victims, but was created to ensure that victims are made whole for their losses to the extent possible." *Id*. "The amount of restitution to be paid by a defendant must be based on the actual loss suffered by the victim, not the amount paid by an insurer or other entity." *People v Bell*, 276 Mich App 342, 347; 741 NW2d 57 (2007).

In the present case, the victim qualifies as a crime victim pursuant MCL 780.766(1) because he is a business proprietor whom defendant robbed. The victim appears to have received compensation for his losses from his insurance company. Before sentencing, the insurance company sought restitution in the amount of $3,640 to cover the costs used to make the victim whole. Therefore, the insurance company had a statutory right to seek restitution for the amount that it compensated the victim to the extent that the compensation paid for the victim's actual loss.

See MCL 780.766(8); *Bell*, 276 Mich App at 347. The insurance company's request was not considered at sentencing, and defendant initially was not ordered to pay restitution; however, a "court may amend an order of restitution . . . on a motion by the prosecuting attorney, the victim, or the defendant based upon new information related to the injury, damages, or loss for which the restitution was ordered." MCL 780.766(22). MCR 6.430(A) allows amendment of a restitution order based on "new *or updated* information" regarding the losses. (Emphasis added.)

Defendant argues that the court erred by granting the prosecution's motion because the insurance company requested restitution prior to sentencing, so it was not "new information" as required by MCL 780.766(22).

> This Court's primary goal in construing a statute is to determine and give effect to the intent of the Legislature, turning first to the statutory language to ascertain that intent. In construing a statute, we interpret defined terms in accordance with their statutory definitions and undefined terms in accordance with their ordinary and generally accepted meanings. When statutory language is unambiguous, judicial construction is not required or permitted because the Legislature is presumed to have intended the meaning it plainly expressed. [*People v Campbell*, 329 Mich App 185, 193-194; 942 NW2d 51 (2019) (quotation marks, citations, and alteration omitted).]

We hold that the insurance company's request, which predated defendant's sentence, was not new information. MCR 6.430 and MCL 780.766 do not define "new information" or "updated information." When terms are undefined, the plain meanings of the terms govern. See *People v Garrison*, 495 Mich 362, 368; 852 NW2d 45 (2014) (relying on the plain meaning of "full" to interpret the meaning of "full restitution"). The plain meaning of "new" information refers to information that has "recently come into existence" or that has "been seen, used or known about for a short time." *Merriam-Webster's Collegiate Dictionary* (11th ed.).[2]

In the present case, the insurance company's request predated defendant's sentence by four months. By the time the prosecution moved to request restitution for the insurance company, another four months had passed since defendant's sentencing. This means that the information contained in the request was at least eight months old before the prosecution presented it to the trial court. A plain interpretation of this situation indicates that the information had not recently come into existence. On the contrary, the prosecution had known about the information contained in the request for a long time before acting upon the request. The prosecution argues that this is immaterial because the information was new to the trial court, but MCR 6.430(A) and MCL 780.766(22) do not specify that the information's "newness" must be from the perspective of the court. Furthermore, the only reason that the trial court did not consider the insurance company's request at sentencing was because the prosecution failed to bring that information to the trial court's attention despite the information being readily available, and the prosecution bears the burden to present restitution-request information to the trial court, MCL 780.767(4). The Legislature did not express an intent that, if the prosecution failed to raise a restitution request at

---

[2] It is appropriate to consult a dictionary to ascertain the plain meaning of an undefined term. *People v Warren*, 505 Mich 196, 208; 949 NW2d 125 (2020).

-3-

sentencing, it would have a second chance to raise it later as new information that could be used to amend the restitution order. See *People v Corbin*, 312 Mich App 352, 260; 880 NW2d 2 (2015) (stating that "the prosecution has the burden of proving by a preponderance of the evidence the amount of the victim's loss"). Therefore, the trial court erred when it granted the prosecution's motion to reopen the record and amend defendant's sentence to include $3,640 in restitution.

Reversed. This case is remanded to the trial court for the limited purpose of amending defendant's sentence to remove the restitution order. We do not retain jurisdiction.

/s/ Allie Greenleaf Maldonado
/s/ Michael J. Kelly
/s/ Kristina Robinson Garrett