LOCAL NO 214, TEAMSTERS v CITY OF DETROIT (ON REMAND)

Docket No. 55432. Submitted January 5, 1981, at Lansing.—Decided
February 17, 1981.

Teamsters Local No. 214, as union representative of correctional
officers employed at the Detroit House of Correction (DeHoCo),
petitioned the Michigan Employment Relations Commission
(MERC) for a determination as to whether the officers were
eligible for arbitration under the statute providing for compul-
sory arbitration of labor disputes in municipal police and fire
departments. MERC ruled that the officers were within the
coverage of the statute and were entitled to compulsory arbitra-
tion. The City of Detroit and DeHoCo appealed, and the Court
of Appeals affirmed the MERC decision, 91 Mich App 273; 283
NW2d 722 (1979). The city and DeHoCo sought leave to appeal
to the Supreme Court which, in lieu of granting leave, vacated
the Court of Appeals decision and remanded to the Court of
Appeals for reconsideration in light of a recent Supreme Court
decision. 410 Mich 876 (1980). On remand, *held:*

The duties of the correctional officers are of a noncritical
service nature and are not within the purview of the compul-
sory arbitration statute. The officers are, therefore, not entitled
to compulsory arbitration.

The decision of MERC is reversed.

LABOR RELATIONS — DETROIT HOUSE OF CORRECTION — CORRECTIONAL
OFFICERS — COMPULSORY ARBITRATION — STATUTES.

The duties of correctional officers employed at the Detroit House
of Correction are of a noncritical service nature and are not
within the purview of the statute providing for compulsory
arbitration of labor disputes in municipal police and fire de-
partments (MCL 423.231 *et seq.;* MSA 17.455[31] *et seq.).*

*Kasoff, Young, Gottesman, Kovinsky, Friedman
& Walkon, P.C.* (by *Howard L. Shifman),* for plain-
tiff.

REFERENCES FOR POINTS IN HEADNOTE

[1] 48A Am Jur 2d, Labor and Labor Relations §§ 1772, 1773, 1856,
2070.

*George G. Matish,* Acting Corporation Counsel, and *Anna Diggs-Taylor* and *Michael A. Hurvitz,* Assistants Corporation Counsel, for defendants.

Before: D. C. RILEY, P.J., and M. J. KELLY and BEASLEY, JJ.

## ON REMAND

D. C. RILEY, P.J. This matter was submitted to our Court on March 19, 1979. Our opinion was filed on July 10, 1979, 91 Mich App 273; 283 NW2d 722 (1979). An appeal was taken to the Michigan Supreme Court where this matter was ordered held in abeyance on November 16, 1979, pending a decision by the Supreme Court in *Metropolitan Council 23, AFSCME v Oakland County Prosecutor.*

On December 23, 1980, the Supreme Court, pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, vacated the judgment of our Court and remanded this case for reconsideration in light of their decision in *Metropolitan Council 23, AFSCME v Oakland County Prosecutor,* 409 Mich 299; 294 NW2d 578 (1980), issued July 16, 1980. 410 Mich 876 (1980).

Having reviewed this matter in light of the Supreme Court decision in *Metropolitan Council 23, supra,* we conclude that the MERC board determination should be reversed and the plaintiffs held not entitled to compulsory arbitration because their duties were of a "noncritical service nature" and not within the purview of the compulsory arbitration statute, MCL 423.231 *et seq.;* MSA 17.455(31) *et seq.*

Reversed.