CAPITOL CITY LODGE NO 141, FRATERNAL ORDER OF POLICE
v INGHAM COUNTY BOARD OF COMMISSIONERS

Docket No. 89811. Submitted June 11, 1986, at Lansing. Decided
October 6, 1986. Leave to appeal denied, 428 Mich —.

After contract negotiations between the Capitol City Lodge No. 141, Fraternal Order of Police, a union representing security officers at the Ingham County Jail, and the Ingham County Sheriff and Ingham County Board of Commissioners (county) failed to result in a resolution of disputed matters, the union filed with the Michigan Employment Relations Commission a petition for arbitration pursuant to a statute that provides for compulsory, binding interest arbitration of labor disputes in public police and fire departments. MERC granted the union's petition, finding that the jail security officers were within the purview of the statute. The county appealed.

The Court of Appeals *held:*

1. Compulsory arbitration as provided by the statute applies when (1) the particular employees are subject to the hazards of police or fire-fighting work and (2) the department engaging such employees is a critical-service department and has as its principal function the promotion of the public safety, order and welfare so that a work stoppage in the department would threaten community safety.

2. The Court of Appeals concluded that, assuming arguendo that the jail security officers are subject to the hazards of police work, the record disclosed an absence of competent, material and substantial evidence supporting MERC's finding that the second prong of the test described above has been satisfied.

Reversed.

LABOR RELATIONS — COMPULSORY ARBITRATION — POLICE AND FIRE
DEPARTMENTS.

Compulsory, binding arbitration of labor disputes between police

REFERENCES

Am Jur 2d, Labor and Labor Relations §§ 1764 *et seq.*

Appealability of state court's order or decree compelling or refusing to compel arbitration. 6 ALR4th 652.

Validity and construction of statutes or ordinances providing for arbitration of labor disputes involving public employees. 68 ALR3d 885.

or fire departments and their employees as provided by statute applies where (1) the particular employees are subject to the hazards of police or fire-fighting work and (2) the department engaging such employees is a critical-service department and has as its principal function the promotion of public safety, order and welfare so that a work stoppage in the department would threaten community safety (MCL 423.231 *et seq.;* MSA 17.455[31] *et seq.).*

*Scodeller, Wilson, DeLuca & Vogel* (by *R. David Wilson),* for petitioner.

*Cohl, Salstrom, Stoker & Aseltyne, P.C.* (by *Peter A. Cohl* and *Larry A. Salstrom),* for respondent.

Before: BEASLEY, P.J., and D. F. WALSH and HOOD, JJ.

D. F. WALSH, J. Capitol City Lodge No. 141, Fraternal Order of Police, Non-Supervisory Division (the union) represents a collective bargaining unit which includes Ingham County jail security officers. When contract negotiations between the union and the Ingham County Board of Commissioners and the Ingham County Sheriff (the county) failed to result in resolution of disputed matters, the union filed with the Michigan Employment Relations Commission a petition for arbitration under 1969 PA 312, MCL 423.231 *et seq.;* MSA 17.455(31) *et seq.* (Act 312). The county responded with a motion to exclude the jail security officers from Act 312 arbitration. Following an evidentiary hearing, the MERC determined that the conditions of employment of the Ingham County jail security officers are to be determined by arbitration under Act 312. The county appeals.

Act 312 provides for compulsory, binding interest arbitration of labor disputes in public police

and fire departments. "Public police and fire departments" subject to Act 312 include "any department of a city, county, village, or township having employees engaged as policemen, or in fire fighting or subject to the hazards thereof." MCL 423.232(1); MSA 17.455(32)(1). The statute reflects the Legislature's concern that employees of public police and fire departments, who provide vital services to their communities and who are prohibited by law from striking, have a binding procedure for resolution of labor disputes which is more expeditious, more effective and less expensive than courts. MCL 423.231; MSA 17.455(31); *Ottawa Co v Jaklinski*, 423 Mich 1, 14; 377 NW2d 668 (1985); *Metropolitan Council No 23, AFSCME v Oakland Co Prosecutor*, 409 Mich 299; 294 NW2d 578 (1980).

The issue presented in the instant case is whether the Ingham County jail security officers come within the purview of Act 312.

In *Metropolitan Council No 23, AFSCME v Oakland Co Prosecutor, supra,* p 335, a Supreme Court plurality set forth two conditions requisite to invocation of Act 312:

> First, the particular complainant employee must be subject to the hazards of police work . . . . Second, the interested department/employer must be a critical-service county department engaging such complainant employees and having as its principal function the promotion of the public safety, order and welfare so that a work stoppage in that department would threaten community safety.

The Court ruled that investigators employed by the Oakland County Prosecutor's Department were subject to the hazards of police work but were nonetheless outside the purview of Act 312 since the prosecutor's department was not a criti-

cal-service "public police department" 409 Mich 336. Justice RYAN, in his concurring opinion, concluded that the investigators, "whose strike would [not] be likely to cause an imminent and serious threat to public safety," were not intended by the Legislature to come within the provisions of Act 312. 409 Mich 337-338.

In this case, the MERC found that the two-pronged test set forth in *Metropolitan Council No 23, AFSCME v Oakland Co Prosecutor, supra,* had been satisfied. The MERC decision can be reversed only if it is contrary to law or unsupported by competent, material and substantial evidence. 409 Mich 330-331; Const 1963, art 6, § 28. We are persuaded that error requiring reversal occurred in this case.

Assuming arguendo that the Ingham County jail security officers are subject to the hazards of police work, review of the record discloses an absence of competent, material and substantial evidence supporting a finding that the second prong of the test has been satisfied.

The MERC finding included the following:

> If there should be a strike among the jail security officers, the testimony on the record indicated that through decreasing sheriff department activities deputies could be put into the jail for the purpose of maintaining security. Also, the undersheriff indicated that substitutes for the jail security officers could be hired in case of a strike by the jail security officers.

The commission concluded that the fact that replacements for the jail security officers could be found in the case of a strike did not disqualify the officers from Act 312 coverage. "[T]he use of such replacements," according to the commission, "would clearly undermine morale and efficient

operations of the sheriff's department." The commission did not discuss whether a strike by the jail security officers would threaten community safety.

In *Metropolitan Council No 23, AFSCME, supra,* the Supreme Court plurality identified the legislative intent of Act 312 as prevention of imminent, serious threat to the public order, safety and welfare and preservation of the high morale and efficient operation of critical-service police and fire departments. 409 Mich 325. Under the plurality opinion, however, and under Justice RYAN's concurring opinion, a finding that a strike would threaten public safety is prerequisite to Act 312 coverage. 409 Mich 311, 337-338.

At the evidentiary hearing in this matter, both the Ingham County sheriff and undersheriff testified that a strike by the jail security officers would pose no threat to community safety. Sheriff Allan Davis testified that the jail could be operated adequately if all of the jail security officers went on strike. Undersheriff Elliott Moore testified that law enforcement officers and command officers could be taken from road patrol and other duties to take over the duties of striking jail security officers. According to the undersheriff, adequate replacements for striking jail security officers, who are not required to be certified, could be hired within three to five days.[1] The undersheriff also testified that, in the event of a strike, prisoners could be transferred to other jails.

The union argues that replacement of striking

[1] But see MCL 791.501 *et seq.;* MSA 28.2355(1) *et seq.,* the Correctional Officers' Training Act. Standards and requirements for certification, recertification and decertification of local correctional officers have yet to be issued by the Correctional Officer's Training Council. MCL 791.514; MSA 28.2344(14). We express no opinion as to the effect, if any, such standards and requirements may have on resolution of the issue presented in this case.

jail security officers with road patrol and other deputies would threaten the safety of Ingham County residents by diminishing the available personnel on road patrol and in other areas of law enforcement. We agree with this Court's rejection of a similar argument in *Lincoln Park Detention Officers v City of Lincoln Park,* 76 Mich App 358, 365; 256 NW2d 593 (1977):

> Although it can be argued that a strike by noncritical police department employees could burden police officers with nonemergency duties, thereby adversely affecting the operation of the entire department and possible [sic] causing indirect harm to the public due to weaker patrols or overworked officers, we do not think that the act was meant to be so all-encompassing. Work stoppages by almost any group of public employees could theoretically cause an extra burden of the police department. For example, a strike by street and highway personnel could cause defective traffic lights to become unreported and force some police officers to shift to traffic directing duties thereby weakening other sections of the police force.

The record does not contain competent, material and substantial evidence that a strike by the Ingham County jail security officers would pose a threat to community safety. On the authority of *Metropolitan Council No 23, AFSCME v Oakland Co Prosecutor,* we hold that Act 312 arbitration is not available to them. See also *Local No 214, Teamsters v Detroit (On Remand),* 103 Mich App 782; 303 NW2d 892 (1981).

Reversed. No costs, a public question being involved.