CITY OF MANISTEE v EMPLOYMENT RELATIONS COMMISSION

Docket No. 93696. Submitted August 19, 1987, at Grand Rapids. Decided May 16, 1988. Leave to appeal applied for.

The Manistee Fire Fighters Association filed a petition with the Employment Relations Commission seeking compulsory arbitration with the City of Manistee. The city requested that the petition be dismissed because the union did not engage in good faith bargaining to impasse. MERC denied the city's request. The city filed a complaint for a declaratory judgment and injunctive relief against MERC and the union in the Manistee Circuit Court and moved for summary disposition. Following a hearing, the court, James M. Batzer, J., granted summary disposition in favor of defendants. Plaintiff appealed.

The Court of Appeals *held:*

The municipal police and fire departments compulsory arbitration act does not require good faith bargaining to impasse before invoking compulsory arbitration. The act requires only unsuccessful mediation on an unresolved dispute and a written request for arbitration by either party.

Affirmed.

LABOR RELATIONS — ARBITRATION — MUNICIPAL POLICE AND FIRE DEPARTMENTS COMPULSORY ARBITRATION ACT.

The municipal police and fire departments compulsory arbitration act does not require good faith bargaining to impasse before invoking compulsory arbitration; the act requires only unsuccessful mediation on an unresolved dispute and a written request for arbitration by either party (MCL 423.233; MSA 17.455[33]).

*Clary, Nantz, Wood, Hoffius, Rankin & Cooper* (by *John H. Gretzinger*), for plaintiff.

REFERENCES

Am Jur 2d, Labor and Labor Relations §§ 1027 *et seq.*

Rights of state and municipal public employees in grievance proceedings. 46 ALR4th 912.

What constitutes unfair labor practice under state public employee relations acts. 9 ALR4th 20.

Bargainable or negotiable issues in state public employment labor relations. 84 ALR3d 242.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Jon M. DeHorn,* Assistant Attorney General, for defendant Michigan Employment Relations Commission.

*Sachs, Nunn, Kates, Kadushin, O'Hare, Helveston & Waldman, P.C.* (by *Theodore Sachs, Ronald R. Helveston* and *Alison L. Paton*), for Manistee Fire Fighters Association.

Amicus Curiae:

*Sachs, Nunn, Kates, Kadushin, O'Hare, Helveston & Waldman, P.C.* (by *Ronald R. Helveston*), for Michigan State Fire Fighters Association.

*Stringari, Fritz, Kreger, Ahern, Bennett & Hunsinger, P.C.* (by *Brian S. Ahern* and *Patricia Nemeth*), for Michigan Municipal League.

*Frank A. Guido,* for Police Officers Association of Michigan.

Before: MacKenzie, P.J., and Doctoroff and J. C. Kingsley,* JJ.

J. C. Kingsley, J. This case presents the issue whether good faith bargaining to impasse is a prerequisite to a union's right to invoke the binding arbitration procedure established by 1969 PA 312 (Act 312), MCL 423.231 *et seq.;* MSA 17.455(31) *et seq.,* for public police and fire departments. The trial court ruled that good faith bargaining to impasse was not a prerequisite and, accordingly, granted judgment in favor of defendants Michigan Employment Relations Commission and the Manis-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tee Fire Fighters Association under MCR 2.116(I)(2). We affirm.

On June 30, 1985, the collective bargaining agreement executed by plaintiff, City of Manistee, and defendant union, the labor organization representing the fire fighters employed by the city, expired. The city and union thereafter conducted collective bargaining sessions for the purpose of executing a new agreement, but failed to reach an accord.

On December 9, 1985, the union filed a petition with MERC for Act 312 compulsory arbitration, alleging that the parties were at an impasse. The city responded by asking for a dismissal of the petition because the union allegedly did not engage in good faith bargaining to impasse prior to filing a petition. The city also filed a separate unfair labor practice charge with MERC, alleging that the union breached its duty to bargain in good faith, as set forth in § 15 of the public employment relations act, MCL 423.201 et seq.; MSA 17.455(1) et seq.

MERC considered the appropriateness of proceeding with the Act 312 arbitration in view of the unfair labor practice charge, and decided that it would continue to process the union's petition for Act 312 arbitration. Thus, on March 27, 1986, the city filed a complaint for a declaratory judgment and injunctive relief in the Manistee Circuit Court. The city argued that good faith bargaining to impasse was a prerequisite to Act 312 arbitration and sought to enjoin MERC from processing the union's petition for arbitration until the merits of the city's unfair labor practice charge was decided. The parties agreed to meet for further collective bargaining sessions, but failed to reach agreement on a successor contract. Thereafter, on May 13, 1986, the city moved for summary disposi-

tion under MCR 2.116(C), arguing that there was no genuine issue of material fact and that it was entitled to judgment on these issues as a matter of law.

For purposes of the city's motion, the trial court assumed that the union failed to bargain in good faith to impasse and that the union made some bargaining proposals on nonmandatory subjects. Following a hearing on the summary disposition motion, the trial court denied the city's motion. Instead, the court stated it would grant summary disposition in favor of defendants MERC and the union under MCR 2.116(I)(2) based on the court's ruling that good faith bargaining to impasse was not required by Act 312. Because we agree with the trial court's careful analysis and reasoning, we affirm the judgment in favor of defendants.

Act 312 was enacted as a supplement to PERA, MCL 423.244; MSA 17.455(44), and reflects the Legislature's concern that employees of public police and fire departments, who provide vital services to their communities and are prohibited by law from striking, have a binding procedure for resolving labor disputes which is more expeditious, more effective and less expensive than courts. *Capitol City Lodge No 141, Fraternal Order of Police v Ingham Co Bd of Comm'rs,* 155 Mich App 116, 118; 399 NW2d 463 (1986), lv den 428 Mich 870 (1987). Its express purpose is contained in § 1 of Act 312 which states:

> It is the public policy of this state that in public police and fire departments, where the right of employees to strike is by law prohibited, it is requisite to the high morale of such employees and the efficient operation of such departments to afford an alternate, expeditious, effective and binding procedure for the resolution of disputes, and to that end the provisions of this act, providing for

compulsory arbitration, shall be liberally construed. [MCL 423.231; MSA 17.455(31).]

Thus, Act 312 is intended to provide for an alternate "expeditious" resolution of disputes and the provisions providing for compulsory arbitration are liberally construed to achieve this objective. Act 312's binding arbitration procedure, however, is limited to disputes on mandatory subjects of collective bargaining, such as wages, hours and other terms and conditions of employment. *Police Officers Ass'n of Michigan v Oakland Co,* 135 Mich App 424, 432; 354 NW2d 367 (1984), lv den 422 Mich 852 (1985); *Local 1277, AFSCME v City of Center Line,* 414 Mich 642, 652; 327 NW2d 822 (1982). Moreover, § 3 sets forth the following procedure for invoking Act 312's compulsory arbitration:

> Whenever in the course of mediation of a public police or fire department employee's dispute, except a dispute concerning the interpretation or application of an existing agreement (a "grievance" dispute), the dispute has not been resolved to the agreement of both parties within 30 days of the submission of the dispute to mediation, or within such further additional periods to which the parties may agree, the employees or employer may initiate binding arbitration proceedings by prompt request therefor, in writing, to the other, with copy to the employment relations commission. [MCL 423.233; MSA 17.455(33).]

Thus, on its face, § 3 of Act 312 does not require the good faith bargaining to impasse prerequisite advocated by the city. Rather, § 3 requires unsuccessful mediation on an unresolved dispute and a written request for arbitration by either party.

While we believe that the language of § 3 is clear on its face, some ambiguity may be perceived

in light of the supplemental nature of Act 312. It is a rule of statutory construction that an act must be read in its entirety and the meaning given to one section arrived at after due consideration of other sections so as to produce, if possible, a harmonious and consistent enactment as a whole. *Stratton-Cheeseman Management Co v Dep't of Treasury*, 159 Mich App 719, 724; 407 NW2d 398 (1987). Other rules of construction which guide our interpretation of § 3 are as follows:

> This Court's guiding principle of statutory interpretation is to determine and effectuate the intent of the Legislature. To ascertain this intent, the Court must first review the specific language of the disputed provision, giving all terms their plain and ordinary meaning absent a contrary legislative intent. When an ambiguity is found, resulting in alternative interpretations being possible, this Court may refer to any factors which may advance the most probable and reasonable legislative intention. [Citations omitted. *Couture v General Motors Corp*, 125 Mich App 174, 177-178; 335 NW2d 668 (1983), lv den 418 Mich 884 (1983).]

In addition, the interpretation of a statute given by the agency charged with its execution, here MERC, is entitled to respectful consideration, *Oakland Schools Bd of Ed v Superintendent of Public Instruction*, 401 Mich 37, 41; 257 NW2d 73 (1977), with considerable weight given to longstanding interpretations, *Stratton-Cheeseman, supra*, p 724.

Here, PERA does impose the duty of good faith upon both the employer and the union at the bargaining table. MCL 423.215; MSA 17.455(15). Procedurally, however, the duty to bargain is suspended if the parties reach an impasse on one or more mandatory subjects. *Local 1277, supra*, p 651. Moreover, the express purpose of Act 312 to pro-

vide for the "expeditious" resolution of disputes would be frustrated if MERC was required to resolve unfair labor practice charges based on alleged bad-faith bargaining as a prerequisite to allowing Act 312 arbitration. To follow the city's suggested procedure would, in our opinion, encourage dilatory practices, cause protracted delays and appeals in resolving important public disputes, undermine the morale of affected employees and prove costly to all participants. In light of these factors, and giving respectful consideration to MERC's construction of § 3 of Act 312, we hold that the Legislature did not intend good faith bargaining to impasse to be a prerequisite to Act 312 arbitration. The only prerequisites are those expressly stated in § 3 of Act 312. Accordingly, we affirm the trial court's grant of judgment under MCR 2.116(I)(2) in favor of defendants MERC and the union.

Affirmed.